In the Matter of the Application of WILLIAM REISFELD et al., Copartners, under the Firm Name of REISFELD & CYMBERG, Respondents, to Enforce an Attorney's Lien.

THE NATHAN MANUFACTURING COMPANY, INCORPORATED, Appellant.

**Attorney and client — an agreement by an administrator to pay an attorney a certain percentage of the recovery for the death of the administrator's child is only binding on his share thereof.**

1. The father of an infant child, who has been appointed an administrator to bring an action for damages for the death of the child, may bind his own interest in the recovery by an agreement to pay attorneys a specified contingent fee, but he cannot, without the consent of the child's mother, who is entitled to one-half of the recovery (Code Civ. Pro. § 1905), bind her interest therein as to the amount of such fee. The lien upon the mother's share of the recovery must be restricted to a reasonable amount fixed by the court. (Code Civ. Pro. § 1903.)

2. It is unimportant that the father fixed the terms of the retainer before his appointment as administrator. By prosecuting the action

after appointment, he approved and continued the arrangement. The attorneys have a lien upon his share for one-half of the contingent fee agreed upon by him.

Matter of Reisfeld, 187 App. Div. 223, modified.

(Argued September 29, 1919; decided October 14, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 4, 1919, which modified and affirmed as modified an order of Special Term in a proceeding to establish an attorney's lien.

The facts, so far as material, are stated in the opinion.

*Henry Bogert Clark* and *Amos H. Stephens* for appellant. There is no proof of a valid contract of retainer between the plaintiff and petitioners. (*Matter of Snyder*, 190 N. Y. 66.) Assuming that there was a valid contract of retainer the petitioners are nevertheless entitled only to the reasonable value of the services performed. (*Tenny* v. *Berger*, 93 N. Y. 524; *Matter of Snyder*, 190 N. Y. 66; *Matter of Dunn*, 205 N. Y. 398; *Andrews* v. *Haas*, 214 N. Y. 255; *Martin* v. *Camp*, 219 N. Y. 170; *Matter of City of New York*, 219 N. Y. 192; *Bathgate* v. *Haskins*, 59 N. Y. 533.) The petitioners having failed to show that the contract upon which they base their claim was for a reasonable compensation cannot enforce the contract. (*Matter of Atterbury*, 222 N. Y. 355.)

*Isidor Enselman* and *John G. Dyer* for respondents. Defendant having settled this case with plaintiff, with full knowledge of petitioners' lien, it was error to disregard the provision for compensation contained in the contract of retainer. (*Guistino* v. *Mahoney*, N. Y. L. J. Aug. 12, 1910; *Matter of Winkler*, 154 App. Div. 532; *Pilkington* v. *Brooklyn Heights R. R. Co.*, 49 App. Div. 22; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.*, 173 N. Y. 493; *Ransom* v. *Ransom*, 147 App. Div. 835, 849; *Murray* v. *Waring Hat Mfg. Co.*, 142 App. Div. 514; *Morehouse* v. *Brooklyn Heights R. R. Co.*, 195 N. Y. 520; *Matter of Fitzsimmons*, 174 N. Y. 15.)

CARDOZO, J. This is a proceeding by attorneys to establish and enforce a lien.

The infant child of Morris and Clara Nàcht was run down and killed by an automobile truck in the city of New York. The father retained the petitioners to bring an action for damages. Their compensation was to be fifty per cent of any recovery by settlement or verdict. They caused the father to be appointed administrator, wrote the owner of the truck a letter of demand for payment, and thereafter served a summons. They had no opportunity to do anything more. The action was settled without their intervention, and $1,000 paid, and divided between the parents. In this proceeding, the attorneys seek to charge the defendant with a lien to the extent of fifty per cent of the sum recovered through the settlement. The Special Term held that the lien must be restricted to the reasonable value of the services, which was found to be $150. The Appellate Division held that the lien must be measured by the contract, and modified the award accordingly.

We think the modification goes too far. The petitioners were dealing with an administrator. The proceeds of the cause of action belonged equally to the father and the mother (Code Civ. Pro. sec. 1905). Upon his own interest in the cause of action, the father might impose any lien that he pleased (Judiciary Law, sec. 474; Consol. Laws, ch. 30). Upon the interest of his wife, he could not lay a charge beyond the limits of the reasonable (Code Civ. Pro. sec. 1903; *Matter of Atterbury*, 222 N. Y. 355, 360, 361). There is evidence justifying a finding that the administrator had ignored that restraint upon his power. The Appellate Division reversed upon the law (Code Civ. Pro. sec. 1338), and the determination of the Special Term must stand if it has any basis in the facts. By this contract, the half of any settlement, no matter how made or when, was to go to the attorneys. Whether they did much or little or substantially nothing,

their reward was to be the same. The result, if the contract stands, is to give them $500 for some preliminary investigation of the accident and the service of a summons. Had the settlement been larger, they would have a claim for even more. We cannot say that the Special Term was under a duty to approve as reasonable a contract leading to such results. The father is bound, because he assented, and there is no finding of mistake or fraud (Judiciary Law, sec. 474; *Matter of Fitzsimons*, 174 N. Y. 15; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Matter of Howell*, 215 N. Y. 466, 472; *Boyd* v. *Daily*, 85 App. Div. 581; 176 N. Y. 613; *Elmore* v. *Johnson*, 143 Ill. 513; *Cooley* v. *Miller*, 156 Cal. 510, 524; *Taylor* v. *Bemiss*, 110 U. S. 42). The mother is free, because she did not assent, and hence the contract must be reasonable when it imposes a charge upon her right. The fee may be made contingent (*Lee* v. *Van Voorhis*, 78 Hun, 575; 145 N. Y. 603); its size may be increased because of the contingency; but none the less, the bargain must exhibit a measurable degree of providence in the adjustment of reward to service. If such providence is lacking, the administrator will not bind others, even though he binds himself. The test to be applied should be substantially the same as that applied under section 474 of the Judiciary Law to contracts with a guardian.

These principles determine the extent of the lien and the distribution of its burdens. The share of the father in the cause of action and its proceeds is subject to a lien of $250, one-half of the promised fee. If he is liable for more, the remedy is against him personally. He did not charge his share with the whole fee, but only with his proportion of the fee which he attempted to charge upon the cause of action as a whole. The interest of the mother is subject to a lien of $75. That is her proportion of the reasonable value. Those are the amounts which the surrogate or the Supreme Court would have charged against the shares of the parents if appli-

cation had been made in advance of the completed settlement to adjust the lien of the attorneys. Those, therefore, are the payments that must be made to the petitioners now.

We think it unimportant that the father fixed the terms of the retainer before his appointment as administrator. By prosecuting the action after appointment he approved and continued the arrangement. We think also that at the time of the settlement the petitioners employment had not been terminated by the client, and hence that the case is not brought within the rule in *Martin* v. *Camp* (219 N. Y. 170, 174). The defendant makes some point of the omission to produce the written contract. Its terms, however, are stated in the petition, and the statement is not opposed by any adequate denial.

The order of the Appellate Division should be modified by reducing the lien to the sum of $325, and as modified affirmed, without costs to either party in the Appellate Division or in this court.

HISCOCK, Ch. J., CHASE, HOGAN, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., dissents and votes to affirm the order of the Special Term

Ordered accordingly.