JOSEPH YOCUS, as Administrator De Bonis Non, etc., of NIKODEMAS
PETKIEVIEZ, Plaintiff, v. SOUTHERN PACIFIC COMPANY, Defendant.

Supreme Court, Kings Special Term, April, 1923.

Attorney and client — executors and administrators — action to recover
damages for death of decedent — contingent fee agreement — substitu-
tion of attorneys — agreement with original attorney fixing his compen-
sation — subsequent recovery — infants — rights of attorney in the
judgment — appointment of referee to decide on reasonable fee —
Decedent Estate Law, § 133.

An agreement for contingent compensation made between attorney and client
during the existence of such relationship will be carefully scrutinized by the
court and declared invalid unless the attorney shows that the agreement is
fair and reasonable and was well understood by the client.

An attorney retained to institute and prosecute, for a contingent fee of fifty per
cent of the recovery, an action to be brought by an administratrix to recover
damages for causing the death of her husband by wrongful act, caused the
summons to be served in December, 1912, and continued as the attorney until
November 10, 1915, on which date, the administratrix having previously
expressed a desire for a change of attorneys, an order of substitution was made
upon the written consent of the administratrix, the attorney and the attorney
proposed to be substituted dated October 15, 1915, and acknowledged by the
administratrix on November 4, 1915. The order for substitution provided
that the first attorney should have a lien on the cause of action to the extent
of seventeen and one-half per cent of any sum paid in settlement or recovered
by judgment or otherwise. The original plaintiff died and the present plaintiff,
who was duly appointed administrator *de bonis non*, retained new attorneys
who caused the action to be revived. Afterward the present attorney was
substituted and he secured a large verdict including interest from the date of
the death of the decedent. Upon motion of the present attorney to have
vacated or modified the order fixing the lien of the attorney who began the
action, *held*, that when the respondent consented to the substitution and
accepted in lieu of his original retainer the agreement, confirmed by the court,
that he should have a lien on the cause of action to the extent of seventeen and
one-half per cent of any recovery or settlement, he gave up his rights under
his original retainer and said agreement was subject to the amendment to
section 1093 of the Code of Civil Procedure (now Decedent Estate Law, § 133)
which went into effect September 1, 1915, and contains no clause making an
exception in cases of pending actions.

The said agreement for a lien so far as it affects the share to which the original
administratrix would have been entitled had she lived, provided it was fair
and reasonable and understood by her, was binding and her death did not
affect the rights of respondent with respect to said share.

So far as said agreement affects the shares of infants entitled to share in the
distribution it is not binding and the court must determine the reasonable
value of respondent's services and fix his compensation and lien with respect
to such shares accordingly, but as this should not be done upon affidavits the
court will appoint a referee to take proof as to whether the agreement which
resulted in the order of November 10, 1915, was fair and reasonable and whether
its provisions were known to and understood by the administratrix and also

upon the question of the reasonable value of respondent's services without regard to such agreement and to report the same to the court with his opinion thereon and in the meantime the decision upon the present motion will be held in abeyance.

MOTION to vacate order fixing attorney's lien.

*Joseph Banner,* for motion.

*Adolph Ruger,* opposed.

BENEDICT, J.   This is a motion to vacate an order made November 10, 1915, fixing an attorney's lien upon the cause of action involved in this suit.   The suit was originally brought by one Josephine Petkievicz, as administratrix of her deceased husband, to recover damages for alleged negligence resulting in his death. The respondent on this motion was retained to institute and prosecute the action for a contingent fee of fifty per cent of the recovery. He caused the summons to be served in December, 1912, and continued as attorney in the action until November 10, 1915. Prior to that date the administratrix had expressed a desire for a change of attorneys, and on that date an order of substitution was made, upon the written consent of the administratrix, the respondent and the attorney proposed to be substituted, dated October 15, 1915, and acknowledged by the administratrix on November 4, 1915, which order provided that the respondent should have a lien on the cause of action to the extent of seventeen and one-half per cent of any sum which might be paid in settlement or recovered by judgment or otherwise.

Subsequently the administratrix, the original plaintiff, died, and the present plaintiff was appointed administrator *de bonis non.* He retained new attorneys who caused the action to be revived, and afterward the present attorney was substituted.   He has now secured a large verdict, including interest from the date of the death of the decedent, the judgment rendered upon which is now before the Appellate Division for review, and he seeks by this motion to have the order above mentioned fixing the respondent's lien vacated or at least modified.

There is no basis for the claim that the respondent abandoned the case.   This claim seems to be predicated chiefly upon matters which occurred after another attorney had been substituted in respondent's place, and when, therefore, all duty or obligation on respondent's part with respect to the case had ceased.   Anything which transpired after the substitution could not affect respondent's lien for his services already rendered.

The principal question presented on this motion is whether the order of November 10, 1915, so far as it fixed the amount, or

rather the percentage, of respondent's lien, is binding, or whether the court can now examine into the matter and determine whether or not the percentage so fixed is reasonable, and if not, what percentage would be reasonable.

I think that there is no question but that the court may now investigate the fairness and reasonableness of the agreement. The order having been made on consent, there was no investigation of the question at that time. This agreement was not an agreement of retainer, made prior to the inception of the relationship of attorney and client, but one made during the existence of such relationship, and it is one which, therefore, the court must scrutinize with care, and which will be declared invalid unless the attorney can show that its provisions were fair and reasonable and were fully known to and understood by the client. *Matter of Howell,* 215 N. Y. 466. . Even an original contract of retainer must be fair and reasonable in order to be enforced at the instance of the attorney. *Lee* v. *Van Voorhis,* 78 Hun, 575; affd., on opinion below, 145 N. Y. 603. Prior to the amendment of 1915 (Laws of 1915, chap. 641) to section 1903 of the Code of Civil Procedure (now Dec. Est. Law, § 133) the compensation of the attorney was regulated by agreement, but the power of the personal representative to make such an agreement was always subject to the qualification that the amount agreed upon must be reasonable. *Lee* v. *Van Voorhis, supra; Matter of Atterbury,* 222 N. Y. 355, 360. The change introduced by the amendment of 1915 was in effect to invest the surrogate with jurisdiction to determine not merely the fairness and reasonableness of the agreement, but also to determine the reasonable value of the services rendered, and fix the attorney's compensation accordingly, irrespective of any agreement; and apparently the Supreme Court has the same jurisdiction, with the qualification — which I assume would apply to the surrogate also — that if the personal representative be one of those entitled to share in the recovery, his agreement, if not unfair or unreasonable, binds his share. *Matter of Reisfeld,* 227 N. Y. 137. In other words, prior to the amendment of 1915, the court looking at the agreement in connection with the situation as it presented itself to the parties at the time the agreement was made, determined whether it was fair and reasonable; since the amendment the courts disregard the agreement, except in the case just mentioned, and looking back at the whole case, fix the attorney's compensation in accordance with the reasonable value of the services rendered, as they appear in retrospect rather than in prospect.

Is the amendment of 1915 applicable to the present case? It went into effect September 1, 1915, prior to the order of substi-

tution and prior to the agreement on which that order was made. It contains no clause making an exception in case of pending actions. Possibly it would have had no effect on the respondent's right to compensation under his original retainer or upon his lien therefor, had he continued as attorney to the determination of the action. But he gave up his rights under his original retainer when he consented to the substitution, and accepted in lieu thereof the agreement, confirmed by order of the court, that he should have a lien on the cause of action to the extent of seventeen and one-half per cent of any recovery or settlement. This agreement was made after the amendment of 1915 took effect, and is, therefore, subject to its provisions. To so hold does not give the statute a retrospective effect.

My conclusion is that such agreement for a lien is binding so far as it affects the share to which the original administratrix would have been entitled had she lived, provided it was fair and reasonable and its provisions were known to and understood by her. Her right to a share of the recovery, if any there should be, was vested immediately upon the death of her husband. *Matter of Brennan,* 160 App. Div. 401. Hence her subsequent death does not affect the respondent's rights with respect to her share. So far as the agreement affects the shares of the other persons entitled to share in the distribution, who are infants, it is not binding (*Matter of Reisfeld, supra*), and the court must determine the reasonable value of the respondent's services, and fix his compensation and lien with respect to such shares accordingly. This should not be done upon affidavits. I will, therefore, appoint a referee to take proof, *first,* upon the question whether the agreement resulting in the order of November 10, 1915, was fair and reasonable, and whether its provisions were known to and understood by the administratrix, and *second,* upon the question of the reasonable value of the respondent's services, without regard to such agreement, and to report such proof to the court with his opinion thereon. The determination of the motion will be held in abeyance in the meantime.

Settle order on notice.

Ordered accordingly.