In the Matter of the Estate of JAMES N. LATOURELLE, Deceased.

Surrogate's Court, Clinton County, April 6, 1932.

*Herman P. Greene,* for petitioner and administratrix Mary Latourelle.

*James J. Barry,* in person [*B. Loyal O'Connell* of counsel], for the respondent.

HARRINGTON, S. The administratrix, by a petition duly verified March 28, 1931, alleged the circumstances of her employment of Mr. James J. Barry, an attorney, of Schenectady, N. Y., for the purpose of commencing a suit to recover damages for the death of the decedent, who was her infant son. The petition alleged the recovery received by Mr. Barry, the amount retained by him and the amount remitted to her, which latter sum she claimed was less than the amount agreed upon at the time of the employment of Mr. Barry. The petition prayed that an order to show cause be served upon Mr. Barry directing him to show cause why he should not remit to the petitioner the balance alleged to be due her. On May 7, 1931, an order was duly served on Mr. Barry to show cause before this court on May 25, 1931, why he should not pay over to the administratrix of this estate the sum alleged in the petition to be due her. By stipulation between counsel the matter was adjourned from time to time until November 30, 1931, when a hearing was held. The effect of such proceeding is to require this court to determine the reasonableness of the compensation charged to this petitioner by her attorney. This court now has specific statutory authority to entertain such a proceeding. (Surr. Ct. Act, § 231-a; *Matter of Gilman,* 251 N. Y. 265, 271.)

The testimony indicates that the contract of employment of

Mr. Barry was made by Robert J. Latourelle, a son of the petitioner. The alleged contract was verbal. The testimony of Mr. Latourelle as to his conversation with Mr. Barry covering the terms of the contract was as follows: " Q. Tell me regarding the conversation at your home, did you discuss the terms under which Mr. Barry would handle the claim for you? A. The conversation was that he would take the case on a percentage basis, and he would get 30% out of Court and 33⅓% if it went to Court. Q. Of what? A. Money received. Q. Gross sum or net sum? A. Any sum he should receive."

Upon cross-examination by Mr. Barry, Mr. Latourelle testified as follows: " Q. You did tell me that you would give me one-third if the case went to Court, you represented your Mother? A. I represented my Mother and you said you would take it for 30% out of Court and 33⅓% in Court." By the Court: " Q. Did you hear Mr. Barry testify? A. Yes sir. Q. Did you also hear Mr. Barry say if he had to bring suit he was to receive 33⅓%? A. Yes sir. Q. Is that your understanding? A. Yes sir. Q. Did you hear Mr. Barry say at any time anything about expenses? A. No sir. Q. I am talking about whether anything was said about the expenses to be incurred by Mr. Barry, whether they were to be in addition to the sum he was to receive as his fee in this case? A. No sir. Q. That wasn't discussed? A. No sir."

Upon examination of Mr. Barry by his counsel as to the nature of his conversation with Mr. Latourelle, Mr. Barry testified as follows: " Q. Will you give me your recollection of that conversation as nearly as you can * * *? A. He asked if I would take the case and if it could be settled without suit or by correspondence. I said I would handle the case for 30% if settled by correspondence or without suit and 33⅓% on trial, plus disbursements. Words to that effect * * *."

The record indicates that the decedent died on August 1, 1925. He died as a result of being hit with a golf ball, alleged to have been driven by one Giles W. Lane. It appears that the matter was first referred to another attorney and was not referred to Mr. Barry until sometime in April, 1927. On April 14, 1927, Mr. Barry secured limited letters of administration for the petitioner herein. Thereafter, it appears that he made an investigation of the matter, served a summons and complaint upon the defendant and noticed the case for trial at the next Trial Term of the Supreme Court to be held in Essex county in September, 1927. During the week when the case was to be tried, negotiations were had by Mr. Barry with the defendant and his counsel. As a result thereof the defendant paid Mr. Barry the sum of $3,400, which sum in

addition to certain bills paid by the defendant for various matters in connection with the decedent's last illness and funeral expenses, was accepted in full settlement of this matter. Mr. Barry testified that the sum of $376 was the sum agreed upon by himself and the defendant as representing the amount which the defendant had previously paid for funeral expenses and other bills in connection with the decedent's last illness, as above mentioned. He further testified that he did not know the amount of these bills or whether they had been paid, as he had never seen them. By stipulation of counsel, it was agreed that these receipted bills could be filed with this court, the same to indicate the dates when they were paid and by whom they were paid. The bills as filed and itemized amount to $302.75, all of which were paid by Mr. Lane, the defendant, in 1925, over one and one-half years prior to the time when Mr. Barry was retained. The bill of the physician for medical services rendered the decedent and the bill from the church for funeral services for the decedent indicate that they were also paid in 1925 by Mr. Lane, but the amount thereof is not stated. Of this $3,400 received by Mr. Barry from the defendant, as above mentioned, Mr. Barry remitted to the petitioner herein the sum of $2,000 and retained $1,400 for his own use. No further proceedings to settle the estate, or to have his agreement for compensation for services approved, as required by section 133 of the Decedent Estate Law, were ever instituted by Mr. Barry.

Upon the hearing in this matter, Mr. Barry was unable to present a statement showing the disbursements made by him in the above suit. The court directed him to file a verified statement showing such disbursements. The disbursements shown in his sworn statement amount to $341.90. A reply affidavit, duly verified by Robert J. Latourelle, stated that certain items for trips alleged to have been made by Mr. Barry and for which he charged $105.50, were improper for the reason that on each of these trips Mr. Barry was driven to and from said places by Mr. Latourelle in Mr. Latourelle's automobile and at Mr. Latourelle's sole expense. Mr. Barry requested permission of this court to file a reply affidavit and the request was granted, provided the same was filed on or before March 9, 1932. On March 17, 1932, such reply affidavit had not been received and the court advised the respective counsel that the evidence must be considered closed. In view of the prolonged opportunity for Mr. Barry to give proper proof of his disbursements, and his failure to make any reply to the affidavit of Mr. Latourelle alleging the impropriety of certain disbursements claimed to have been made by Mr. Barry, as above mentioned,

this court must assume that these latter items are not properly chargeable as disbursements.

What then is the proper view to take in this case, *first*, as to the agreement actually made for compensating Mr. Barry for his services to the petitioner, and, *second*, as to the reasonable value of such services? The reasonable expense of the action to recover damages for the death of the decedent is a matter for the approval of this court or of the Supreme Court, regardless of the fact that a contingent contract existed between the attorney and the petitioner providing for the payment thereof. (Dec. Est. Law, § 133, subd. 5; *Matter of Atterbury*, 222 N. Y. 355; *Matter of Meng*, 227 id. 264.) The test to be applied as to the reasonableness of such compensation should be substantially the same as that applied under section 474 of the Judiciary Law to contracts with a guardian. (*Matter of Reisfeld*, 227 N. Y. 137, 140.) In such a contingent contract for legal services between an attorney and a representative for an estate, the representative can create a charge upon his or her individual share in the estate. But such representative cannot bind the interests of other parties in the sum to be recovered beyond the limit of what the court shall deem to be reasonable. (Dec. Est. Law, § 133, subd. 5; *Matter of Reisfeld, supra,* 139; *Matter of Gilman*, 251 N. Y. 265, 271.) Here the petitioner is entitled to the entire estate of the decedent. There are no unpaid creditors. Because of this, it is possible for her individually to bind all of the recovery in the action in question by a valid contingent contract with her attorney for legal services rendered by him. Accordingly, this court is inclined to believe that in passing upon the reasonableness of the contingent agreement in question, it should be done in the spirit of the language of section 474 of the Judiciary Law, which provides that the compensation of an attorney for services is governed by agreement, express or implied, and that the same is not restrained by law.

It was the contention of the petitioner in her petition and upon the hearing in this matter, that Mr. Barry was entitled to receive only thirty per cent of the sum of $3,400. Presumably, in view of the testimony above quoted, such position was taken by reason of the fact that the petitioner assumed that the negligence action was settled out of court and that the agreement to pay thirty-three and one-third per cent of the recovery did not apply. Suit was commenced and the action was ready for trial. In fact the action was not settled until the week of the Trial Term when the case would have been tried. Such proceedings clearly bring the case within the terms of the agreement admitted by the petitioner's son, who made the agreement, that thirty-three and one-third per cent

of the recovery was to be paid to the attorney if the action " went to Court." The sum fixed by such contingent agreement need not be accepted by the court as a sound estimate of value. The reasonable value of such services rests in the discretion of the court. (*Matter of Gilman, supra,* 274.) However, I believe the testimony of Mr. Barry as to the extent of the services rendered by him is sufficient to warrant the conclusion that such services were reasonably worth the sum agreed upon. I am also satisfied that he is entitled to recover in addition thereto his actual disbursements made necessary in the conduct of the negligence action. Mr. Latourelle testified that nothing was said between Mr. Barry and himself with reference to disbursements. Mr. Barry testified that he was also to receive disbursements in addition to the percentage of any recovery as herein mentioned. We may take the most favorable inference to the petitioner and assume that the matter of disbursements was not discussed. In the absence of any agreement to the contrary, a contract for a stated sum for services does not impose upon an attorney the burden of assuming disbursements made for a client, and the attorney may recover the amount of such disbursements in addition to the amount agreed to be paid for services. (*Spence* v. *Bode,* 57 Misc. 611; *Hampton* v. *Rosenheim,* 92 id. 207; *Badger* v. *Celler,* 41 App. Div. 599.) There is no evidence that Mr. Barry agreed to pay the disbursements to be incurred. If made, such an agreement would be void as champertous. (Penal Law, § 274; *Matter of Gilman, supra,* 269.) The disbursements alleged by Mr. Barry to have been made by him in the sum of $341.90, less those shown by the affidavit of Mr. Latourelle to be improper, in the sum of $105.50, or a corrected total of $236.40, is allowed. The sum of $1,133.34, representing one-third of the recovery of $3,400, is also allowed, making the total just and reasonable allowance to Mr. Barry for his services and disbursements, $1,369.74. Deducting this sum from the sum of $3,400 received by Mr. Barry, the balance of $2,030.26 is the sum to which the petitioner is entitled as of September 28, 1927.

The proper practice would suggest that the entire recovery when received should have been remitted to the administratrix, and a proceeding then instituted by Mr. Barry, pursuant to subdivision 5 of section 133 of the Decedent Estate Law, to have the amount due him for services and disbursements fixed and determined by this court. That practice was not followed. On the contrary, the administratrix was compelled, after nearly four and one-half years from the date of the recovery, to institute this proceeding in order to have the interest of herself and this attorney adjudicated by this court. Mr. Barry, in his testimony and in his affidavit

filed in this court, seeks to claim as part of his services one-third of the sum of $376, which he claims was agreed upon by himself and the defendant as representing the amount previously paid by the defendant for bills contracted for the benefit of the decedent. This testimony was contradicted by that of Mr. Latourelle. I am unable to persuade myself to believe that this petitioner or her son, Mr. Latourelle, ever agreed to give Mr. Barry, as a part of the compensation for his services, one-third of the amount of various bills, which had been paid in full by the defendant in the negligence action over one and one-half years prior to the time when Mr. Barry was engaged in this matter. His claim to any part of the sum represented by the amount of these bills is disallowed.

An order may be prepared fixing the compensation of Mr. Barry for his services in this matter in the sum of $1,133.34, plus the sum of $236.40 for his necessary disbursements, or a total allowance of $1,369.74, as of September 28, 1927; that he remit forthwith to the petitioner herein the sum of $30.26, representing the balance due her as of September 28, 1927, with interest from said date, together with the sum of $70 costs, which is hereby awarded to the petitioner herein, pursuant to section 278 of the Surrogate's Court Act.

Prepare decree accordingly.