## In the Matter of the Estate of MORRIS FEIFER, Deceased.

Surrogate's Court, New York County, January 8, 1934.

*David Gellar*, for the administrator.

*Samuel Tullman*, for the objectant, Betty Bronstein.

*Edward F. Keenan*, for the Superintendent of Insurance, as rehabilitator of National Surety Company.

DELEHANTY, S. All objections are overruled which relate to the schedules reporting collection of assets. All objections are overruled so far as they relate to the direct funeral expenses and the cost of services at the grave. By consent of the accounting administrator the expenditure for a headstone for the wife of deceased is disallowed and the administrator is surcharged with the amount thereof.

The objection made to an expenditure of $100 for the saying of *Kaddish* is sustained on the ground that this expenditure was voluntarily made by the accounting administrator, a son of the deceased, for a substitute who undertook for the son the performance of the filial duty resting upon the son as such under the Orthodox Hebrew practice. This expenditure was in no true sense an incident to nor part of the funeral service of deceased.

The objection made to the item of $250 for legal services in connection with the administration of the estate requires considera-

tion of the effect of article 5 of the Decedent Estate Law. That article undertakes to regulate specifically the bringing of an action for wrongful death, the incidents of the trial and the distribution of the proceeds. The article contains in addition a section defining next of kin for the purpose of distribution of the proceeds of such an action. In dealing with the distribution of damages recovered, section 133 of the Decedent Estate Law specifically says that the damages collected must be distributed by the estate representative " as if they were unbequeathed assets left in his hands after payment of all debts, and expenses of administration." Later in the same section it is provided: " The reasonable expenses of the action, or settlement, the reasonable funeral expenses of the decedent, and the commissions of the plaintiff or representative, upon the residue * * * may be deducted from the recovery." The question here presented is whether an attorney's charge may be made separately for services on the accounting as such. An attorney's service to an estate representative is an administration expense. The statute permits the deduction only of the " expenses of the action," " funeral expenses " and " commissions." When these have been deducted the distribution is to be made of the balance of funds " as if they were unbequeathed assets * * * *after* payment of all debts, and expenses of administration."

In the instant case the same counsel who acted for the accounting administrator on this account also conducted the litigation which resulted in the damages accounted for. Following his services in that action he obtained from this court an order approving the payment to him of forty per cent of the gross amount received in settlement. At least in this case, therefore, " the reasonable expenses of the action or settlement " have been fixed on the application of the parties. It may very well be that one of the reasonable expenses of the action or settlement would be the expense of preparing the account and entering the decree and attending to its execution. In ordinary practice the fixation of the attorney's charges is made in such an accounting proceeding and necessarily includes the service therein. The charge here made is out of proportion to the service on the account itself and accordingly the court will allow only the sum of $100. This amount is allowed as costs upon the accounting. Such costs are regularly allowed under the practice of the court in addition to other allowances of administration expenses. Submit decree settling the account accordingly.