In the Matter of the Estate of DAVID WEINSTEIN, Deceased.

Surrogate's Court, Bronx County, October 19, 1934.

*Philip S. Joseph*, for the executor.

*Nathan Permut* and *Morris Permut*, for Frances Weinstein, contestant.

*Millard, Greene & Greene*, for J. Coleman Scal and another, contestants.

*Milton Lerner*, for the Zion Memorial Chapel, Inc., contestant.

*Joseph D. Tarlowe*, for Samuel Goldstein, contestant.

*Brand & Bernstein*, in person.

HENDERSON, S. The decedent received injuries in a collision between two automobiles, in one of which he was riding, on October 13, 1933. As a result of those injuries he died on November 3, 1933. He left surviving a widow, but no children. The action commenced by the executor was compromised for $6,500. The executor is accounting for the proceeds of the death action and there are no assets in the general estate from which payment of any of the claims here presented may be made. Claim is made by Dr. J. Coleman Scal and Dr. J. A. Scal in the sums of $285 and $110 respectively for medical services rendered to the decedent for the

injuries which caused his death. Samuel Goldstein has presented a claim for $924.35 for money advanced on behalf of the decedent for medical aid, nursing and hospitalization of the decedent during his last-illness. The widow objects to the allowance of those claims.

The right to recover damages for wrongful death was unknown to the common law. (*Whitford* v. *Panama R. R. Co.*, 23 N. Y. 465.) Such a right of action was created by the Legislature in 1847 and the statutory provisions relative thereto are now contained in article 5 of the Decedent Estate Law.

The authority of the Legislature to create such a cause of action was defined in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 402) in the following language: " A civil liability and the right to recover damages for a wrongful act or neglect causing death are created solely by statute. At common law no civil action would lie for causing the death of a human being. Legislative enactment is the exclusive source and boundary of the liability and the remedy. It may create the cause of action, define the period of its existence, and the party by whom and the method in which it shall be enforced and prescribe the measure of damages and the beneficiaries."

The pertinent portions of section 133 of the Decedent Estate Law at the time of the decedent's death read as follows:

" § 133. Distribution of damages recovered. The damages recovered in an action, as prescribed in this article, or obtained through settlement without action, are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, or representative, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration; subject however to the following provisions, to wit:

" 1. In case the decedent shall have left him surviving a wife or a husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband. * * *

" The reasonable expenses of the action, or settlement, the reasonable funeral expenses of the decedent, and the commissions of the plaintiff or representative, upon the residue may be fixed by the surrogate, upon notice, given in such manner and to such persons, as the surrogate deems proper or upon the judicial settlement of the account of the plaintiff, or representative, and may be deducted from the recovery."

The damages recovered must be disposed of strictly in accordance with the direction of the Legislature, for such power of disposition is vested solely in the Legislature and in accordance with its discretion. (*Phœnix Ind. Co.* v. *Staten Island R. T. Ry. Co.*,

251 N. Y. 127, 137.) I am of the opinion that it would be equitable to compensate these three claimants who befriended the deceased in his last illness from this fund. The Legislature has provided for such payment by an enactment subsequent to this decedent's death.■ In this case distribution, under the statute in effect when the right to such damages accrued, is harsh, but the court is powerless to apply this fund to these claims although such disposition would accomplish a more equitable result. The court may not usurp legislative authority. For the reasons stated, the objections of the widow to the allowance of these claims is sustained to the extent indicated. They are, however, allowed as valid claims against the general estate in the amounts respectively claimed.

The claim of the Congregation Anshei Stutchin & Grayewo in the sum of $400 for a burial plot is dismissed. The burial plot was of the value of $500. Allowance of $100 was made because the deceased had the right to be provided with a grave of the value of $100 in another cemetery. The relatives of the decedent desired his burial in the more expensive plot. The amount of this recovery does not warrant such an expenditure.

The claim of Lichtenstein & Co. for $375 for a tombstone is allowed in the sum of $200. The value of the stone is not questioned, but the amount sought from this fund is excessive.

The undertakers, the Zion Memorial Chapel, Inc., present a claim for $782 for the funeral. This corporation has a judgment against the widow and five sisters of the decedent for the full amount of the claim. I find that $500 is the fair and reasonable amount chargeable to the estate and the claim will be allowed in that amount.

I find that the request of the attorney for the executor for $150 for all services on this accounting is reasonable. His fee is fixed at that sum.

There remains the claim of the other attorneys whom the executor retained especially for the prosecution of the death claim. They served a summons and complaint and carried on the negotiations which resulted in the settlement of the action. They request a fee amounting to one-third of the recovery. Ordinarily, I believe such a contingent fee would be reasonable. Under the circumstances of this case, the requested allowance is excessive. The widow has two brothers who are attorneys. They offered to prosecute the death action without compensation. The widow requested the executor to employ her brothers and offered to release him from any liability for negligence in the prosecution of the claim. The executor

insisted upon employing the claimants herein who injected themselves into the case with full knowledge of the facts set forth above. They prosecuted the action in spite of the fact that the sole party in interest did not desire their services and the expressed disapproval of the court, for the sole purpose of obtaining a fee for themselves which might have been saved to the widow. (*Matter of Weinstein*, 149 Misc. 907.) Under the circumstances, I find the reasonable value of the services performed to be $600. They will be allowed that sum.

Settle decree.