In the Matter of the Estate of NATHAN BRODY, Deceased.

Surrogate's Court, New York County, December 19, 1934.

*Meyer Parodneck*, for the objector, Dr. Harry E. Isaacs.

*Feltenstein & Rosenstein*, for the administratrix.

*Continental Casualty Co.*, surety.

FOLEY, S. This is an accounting by the administratrix for the proceeds of an action for wrongfully causing the decedent's death. Objections to the account have been filed by a physician whose claim for medical services was rejected. The medical services rendered were incidental to the injuries which resulted in the decedent's death.

The physician's claim for medical services is not a proper charge against the fund accounted for. The objections to the account

are, therefore, overruled. Distribution of the fund must be governed by the statute in effect at the date of the decedent's death. (*Matter of Weinstein,* 153 Misc. 279; *Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101; *Matter of Brennan,* 160 App. Div. 401.) The decedent died January 16, 1933. Prior to the amendment to section 133 of the Decedent Estate Law in 1934 (Laws of 1934, chap. 216, effective September 1, 1934), the statute did not provide for the payment of medical expenses from the proceeds of the action. The fund must be distributed strictly in accordance with the provisions of the statute. (*Matter of Weinstein, supra; Matter of Feifer,* 151 Misc. 54; *Matter of Skaler,* Id. 56).

Submit decree on notice settling the account accordingly.