In the Matter of the Estate of MINNIE E. YOUNG, Deceased.* ⁰

Surrogate's Court, New York County, August 28, 1935.

---

* See, also, 156 Misc. 801.

*Francis B. Upham, Jr.*, and *Thomas I. Sheridan*, for the accounting executors, Edna Y. Oldrin, Central Hanover Bank and Trust Company, and Francis B. Upham, Jr.

*Lynch, Cahn & Weed* [*Humphrey J. Lynch, Monroe J. Cahn* and *George B. Francis* of counsel], for the objectant, Lewis G. Young.

*Kenneth C. Quencer*, special guardian.

Foley, S. These motions involve the consideration of exceptions to the report of the referee appointed to hear and determine the issues raised by objections filed to the accounts of the executors of the estate. The principal dispute arises over the fixation of the compensation of Francis B. Upham, Jr., one of the executors, who with his firm represented the executors in the probate of the will and the administration of the estate. The learned referee has fixed the value of the legal services rendered at the sum of $45,000.

Lewis G. Young, the son of the decedent and one of the executors, contests the allowance fixed by the referee. The attorney-executor has been paid the amount approved by the referee. He relies in part for the justification of this payment upon a clause of the will which provided that if any difference of opinion arose between the executors " in regard to any matter pertaining to the discharge of their duties therein, the decision of a majority of my said executors shall be binding and conclusive." There were four executors. The referee has found that three of them, including Mrs. Oldrin, a daughter of the testatrix, Central Hanover Bank and Trust Company, and Mr. Upham himself, approved the payment of the sum of $45,000. Mr. Young, the other executor, never consented

to this arrangement. The referee in part has based his determination upon the action of a majority of the executors although he has in addition made an alternative finding that the allowance represented the maximum reasonable value of the services upon the basis of *quantum meruit*.

I am of the opinion that the terms of the will did not render the decision of the executors conclusive upon the amount of the attorneys' fees. Mr. Upham's conflicting position in a fiduciary capacity as executor, and as a claimant for payment from the funds of the estate for services rendered, necessarily excluded him from participation in such a decision. With his elimination, only two of the executors out of four had acted and the necessary majority required under the will was lacking. Moreover, the provisions of section 285 of the Surrogate's Court Act require the final approval by the surrogate of the compensation for services rendered by an executor who acts as an attorney. The compensation is to be fixed by the surrogate alone in such amount as he deems " to be just and reasonable." Of course, where all the beneficiaries are adults and in the absence of fraud the surrogate accepts their written approval of the amount of the attorney-executor's fees for professional services. In the pending case the interests of infants are involved. The compensation of the attorney and his firm here is to be tested, therefore, by what is just and reasonable.

A further complication has arisen as to the effect of an agreement made by Mr. Upham as attorney to accept the sum of $35,000 for all services rendered by him and his firm to the executors including the preparation and approval of the final accounting. These services were initiated in October, 1931, shortly after the death of the testatrix. The admission of the will to probate was delayed by a threatened contest. Letters testamentary were issued to the executors on January 9, 1932. The agreement for the payment of the sum of $35,000 was made in March, 1933, and was subsequently approved on May 10, 1933, by the attorney for the objectant, Lewis G. Young. Partial payments were made from time to time on account of this amount. On October 20, 1933, Mr. Upham wrote the corporate executor a letter in which he referred to the inclosure of his firm's bill " to the executors for the remaining $5,000 of the $35,000 agreed upon for legal services." This balance was paid shortly afterwards. The additional sum of $10,000 subsequently paid was claimed by him on June 14, 1934, for alleged extraordinary services. The reason given by him for this additional charge was that in the fixation of the original amount he did not expect that the administration of the estate would extend beyond a period of two years. Counsel for the objectant contends that the

acceptance of payment of the final balance of the $35,000 fee was an accord and satisfaction of the claim of the attorney and prevented him from demanding or receiving any further amount for the services originally agreed to be rendered by him. This contention must be overruled. The rules laid down by the pertinent authorities prevent the inference of an accord and satisfaction between an attorney and the representative of an estate where there are non-asserting adult beneficiaries or infants or incompetents whose shares are affected by the award of compensation. These rules may be summarized briefly as follows:

(1) The representative of an estate, either trustee, executor or administrator, may impose, in the absence of mistake or fraud, any charge for counsel fees that he pleases, upon his individual share of the estate. He is bound by his contract because he has assented. (*Matter of Reisfeld*, 227 N. Y. 137; *Matter of Meng*, Id. 264.)

(2) Upon the interest of non-assenting adult beneficiaries, or infants, or incompetents his agreement is futile and he cannot " lay a charge beyond the limits of the reasonable." (CARDOZO, J., in *Matter of Reisfeld, supra*.)

(3) The determination of what is the reasonable charge against the share of non-assenting beneficiaries or infants or incompetents is for the surrogate. (Surr. Ct. Act, §§ 222 and 231-a.)

(4) In the case of an executor who renders professional services, as I have pointed out above, section 285 of the Surrogate's Court Act is applicable.

(5) Where the attorney has been paid an unreasonable amount by the representative of the estate in excess of the fair value of his services, the surrogate has power to direct him to refund such excess. (Surr. Ct. Act, § 231-a.)

The latter rule necessarily destroys any inference of an accord and satisfaction in the present case, since the attorney, one of the parties to the alleged accord, is not protected by it and the necessary element of mutuality of rights is lacking.

I am of the opinion, however, that the agreement of Mr. Upham to receive the sum of $35,000 in full for all services rendered in the administration of the estate up to the date of the entry of the final decree on the accounting, constituted an important element of proof which justifies the limitation of the charge to which he was entitled to that amount.

The effect of a rendition of a bill by a lawyer or a demand contained in a verified complaint in an action for compensation was considered by the Court of Appeals in *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.* (245 N. Y. 1). There a question arose as to

the effect of a bill rendered by the plaintiff, the amount of which was subsequently embodied in the verified complaint in the action. By an amended complaint he sought to increase substantially the amount of the recovery. The Supreme Court awarded a larger sum than the original demand. The Appellate Division, First Department, reduced the award to the original demand. The Court of Appeals affirmed the Appellate Division. Chief Judge CARDOZO pointed out that the rendition of the bill and the original demand did not have the effect of an estoppel, but they constituted " admissions made in circumstances precluding the likelihood of haste and inadvertence. As such they are ' high evidence ' * * * in favor of the client." He found that the sum awarded by the Appellate Division " corresponds to the plaintiff's estimate of the value of his own services." Where an agreement of an attorney for compensation has been canceled, the amount fixed in the agreement may be taken into consideration with other elements of proof as a guide for ascertaining quantum meruit. (Matter of Tillman, 259 N. Y. 133; Matter of Krooks, 257 id. 329.)

It is significant in the present case that the compensation agreed to by the attorney-executor was fixed at a time after much of the work of administration had been completed and after a period of eighteen months had elapsed from the inception of the services. The relevant exception to that part of the report dealing with the allowance of attorneys' fees will be sustained and the report modified accordingly.

In addition I specifically find upon all the evidence and aside from the effect of the agreement of the attorney-executor that the reasonable value of his services was the sum of $35,000.

The value of the estate was $1,200,000. Extraordinary services were rendered by the attorneys including the preparation for a threatened will contest and other services rendered in the administration which sustain an allowance in excess of the amount ordinarily charged for an uncomplicated administration in an estate of that amount. In fixing this amount as the reasonable value, I have necessarily distinguished between services rendered by the executor in that capacity and services rendered by him as attorney. The reasonable value has been determined upon the legal services only.

The objectant, Lewis G. Young, is also bound and concluded by his own consent to the payment of that amount by the letter of his attorney, dated May 10, 1933. (Matter of Reisfeld, supra; Matter of Meng, supra.) His present contention in the face of his own agreement is belated and futile. His claim, therefore, that the reasonable value of the services rendered is $25,000, or any sum less than $35,000, must be overruled.

Since Mrs. Oldrin has consented in writing to the payment of the full amount of $45,000, her outright share of the residue will be charged with the proportionate part of that sum. As against the other three-quarters of the residue, two of which are in trust and one of which passed to the objectant outright, the sum of $35,000 will be charged.

The attorney-executor and his firm have rendered additional services not contemplated by the original agreement for compensation for which they should be paid. These services were rendered in the pending contested accounting proceeding. Part of them were included in the additional charge of $10,000. I find that the reasonable value of these extraordinary services was $1,000. The attorney-executor here has also requested the further sum of $5,000 for additional services rendered in the accounting proceeding, which were not the subject of proof before the referee. Section 279-a specifically provides for an allowance of services of this nature. That section was enacted to correct the effect of the decision in *Matter of Eddy* (207 App. Div. 162), which limited the attorney for the representative of an estate to statutory costs only. Testimony will be taken on this issue on the 12th day of September, 1935, at twelve o'clock noon.

The learned referee's report should be modified to the further extent of allowing interest upon the partial payment of commissions withdrawn, without the authority of a judicial decree, by two of the executors. Interest will be allowed at the same rate fixed by the referee as against Mr. Upham.

All the remaining exceptions to the report of the learned referee are overruled. His findings and determination are supported by the evidence and are in accord with the law. That part of his report not modified by me is confirmed.

No valid ground or adequate reason for the denial of commissions to the executors has been established. The contention of the objectant Young on this point is, therefore, overruled. Commissions will be allowed the executors. After the determination of the remaining question as to the compensation of the executor-attorney and his firm for extraordinary services rendered in the contested accounting proceeding, a decree may be submitted on notice settling the account in accordance with the report of the referee as modified by this decision.