In the Matter of the Estate of MINNIE E. YOUNG, Deceased.

Surrogate's Court, New York County, September 27, 1935.

*Francis B. Upham, Jr.*, and *Thomas I. Sheridan*, for the accounting executors, Edna Y. Oldrin, Central Hanover Bank and Trust Company, and Francis B. Upham, Jr.

*Lynch, Cahn & Weed* [*Humphrey J. Lynch, Monroe J. Cahn* and *George B. Francis* of counsel], for the objectant, Lewis G. Young.

*Kenneth C. Quencer*, special guardian.

FOLEY, S.   My original decision herein (156 Misc. 795) disposed of certain issues raised by objections filed to the account of three of the executors, which had been tried before the referee.   A further hearing was directed for the taking of testimony as to professional services rendered by one of the executors in his capacity as attorney

for the three executors and for the services of his law firm which acted with him. (Surr. Ct. Act, § 285.) In my original decision an allowance of $1,000 was fixed as the reasonable value of part of these extraordinary services which were the subject of proof before the referee. Since doubt existed in the mind of counsel for the objectant as to the scope of these services, I modified my original decision by the elimination of the allowance of $1,000 and took testimony upon the supplemental hearing as to all of the extraordinary professional services rendered in order to make an aggregate allowance.

In the ordinary case where the executors are represented by a separate firm of attorneys and where one of the executors did not render professional services, a proceeding under section 231-a of the Surrogate's Court Act would have been directed. Here, however, the situation is controlled by the provisions of section 285 of the Surrogate's Court Act which authorizes the surrogate to allow to an executor, who is an attorney, and who has rendered legal services in connection with his official duties, just and reasonable compensation. All the parties are before the court. The expense of an independent proceeding under section 231-a and the resulting delay has, therefore, been avoided.

Counsel for the objectant to the account, who opposes an allowance for any extraordinary services, contends that the original agreement of the attorney for services in the administration of the estate and up to the entry of the final decree, included the extraordinary services which became necessary because of the filing of objections to the account. This contention is overruled. Where an attorney agrees to a specified amount for ordinary administration, he is not required to render gratuitously or within the terms of the original agreement additional services in a bitterly contested accounting before the surrogate or referee, which were never originally contemplated or anticipated by the parties. The attorney is entitled to be paid for the extraordinary services either by way of costs or an allowance for counsel fees.

In the present estate the objections filed by the objectant became the subject of an acrimonious dispute. The testimony taken by the referee covered approximately six hundred pages in the several hearings had before him. Most of the objections were overruled. One was withdrawn. The conduct of the accounting executors was, therefore, sustained upon these questions. One of the objections related to a proposed distribution of certain assets of the estate in which the executor sought the advice and direction of the court. While the plan of distribution of the objectant was sustained, the method recommended by the executors was merely a

suggestion and the final approval of the court was required. The remaining objection related to the counsel fees to the attorney-executor and his law firm, which was considered and decided by me in my original decision herein.

I hold that the extraordinary services rendered by the attorney-executor and his law firm in defense of the account were necessary, and that they form a proper basis of compensation in a reasonable amount which should be paid out of the funds of the estate. (*Downing* v. *Marshall*, 37 N. Y. 380, 393; *Wetmore* v. *Parker*, 52 id. 450, 456; *Matter of Gilman*, 251 id. 265, 272; *Matter of Van Volkenburgh*, 139 Misc. 437; *Matter of Hoffman*, 136 App. Div. 516; *Matter of Crowe*, N. Y. L. J. April 23, 1931; Dodge, Estate Administration and Accounting, p. 166.)

It is contended by counsel for the objectant that compensation may not be allowed for the extraordinary services rendered in the accounting which involved the dispute over the amount allowable for the professional services rendered. It is claimed that the attorney was acting in his own interest and not in an executorial capacity. These contentions are overruled. The extraordinary services were rendered because of the filing of the objections to the account of the executors. While a large part of the work involved before the referee consisted of testimony taken on this issue, it appears that a considerable portion of the stenographer's minutes was devoted to a meticulous and exhaustive cross-examination of the attorney-executor by counsel for the objectant. Most of this cross-examination was unnecessary, especially in view of my finding that the objectant himself had consented to the amount of compensation ultimately awarded. The objectant was partially successful in reducing the amount claimed by the attorneys. The attorney-executor, on the other hand, and his associate accounting executors were partially successful in preventing a further reduction in the compensation by the sum of $10,000. Thereby a surcharge in that amount was defeated.

In *Matter of Van Volkenburgh* (139 Misc. 437, *supra*) I reviewed the rules applying to the right of an administratrix to secure reimbursement for the expense of her attorneys' services rendered in an attack upon her account, and the right of the attorneys rendering the service to obtain payment out of the estate. The distinctive circumstances of each estate must govern the award or denial of an award. The fact that the representative may personally profit by the litigation does not preclude the allowance of the reasonable expenses out of the estate. The good faith of the fiduciary seems to be an essential test. Even though there be a personal interest of the representative involved in the litigation, reimbursement or

payment may be awarded out of the estate in an appropriate case. (*Ellis* v. *Kelsey*, 241 N. Y. 374, 382; *Jessup* v. *Smith*, 223 id. 203; *Matter of Ordway*, 196 id. 95; *Matter of Higgins*, 80 Misc. 609, KETCHAM, S.; *McKennell* v. *Guaranty Trust Co.*, 130 id. 400, LYNCH, J.; *Matter of Pelgram*, 146 id. 750, DELEHANTY, S.)

In the pending proceeding, therefore, the personal interest of the attorney-executor in the fixation of his compensation does not preclude an allowance for the extraordinary services rendered in the trial of that issue. The reasonable value of the extraordinary services here under the tests laid down by the above-cited authorities and under the further tests for analyzing the elements of value (*Matter of Potts*, 213 App. Div. 59; affd., 241 N. Y. 593), is allowed in the sum of $3,500. While it is not controlling, it is significant that the attorneys for the objectant in this petition have asked an allowance in the same amount for their own services rendered in the contested accounting proceeding. On the latter phase of this case, instead of making an allowance for counsel fees, permission is granted to the attorneys for the objectant to submit a bill of costs with an appropriate supporting affidavit setting forth the particular days of service pursuant to section 278 of the Surrogate's Court Act.

In the fixation of the compensation of the attorneys for the petitioning executors, consideration has been given by the surrogate to the fact that costs under sections 278 and 279 of the Surrogate's Court Act have been waived by them and they have agreed to accept the allowance fixed by the surrogate in lieu of all costs. Upon the testimony before me, such a bill, based upon the statutory per diem allowance of twenty-five dollars for certain days spent in the hearing before the referee and before the surrogate, and the costs of a contest and the per diem costs allowable for the preparation for the hearings or trial under section 278, would approximate the sum fixed by me for counsel fees.

In order to complete the administration of the estate by the executors, leave to file a further supplemental account is granted. Such supplemental account is directed to be filed within twenty days. Objection, if any, to the items of such account may be served and filed within eight days thereafter.

Proceed accordingly.