In the Matter of the Estate of JOHN W. EHRET, Deceased.

Surrogate's Court, Westchester County, January 22, 1936.

*Thorne Baker*, for the village of Scarsdale, petitioner.

*Sporborg & Connolly*, for the administratrix, Annabelle Adline Ehret.

SLATER, S.   Under the authority of limited letters of administration issued on December 24, 1931, the decedent's administratrix brought an action for the wrongful death of the decedent.   She brought one action for damages for such wrongful death and made defendants the village of Scarsdale, Westchester County Small Estates Corporation, and the Westchester Lighting Company. She recovered a judgment against the village of Scarsdale and the Westchester County Small Estates Corporation at Trial Term with an affirmance in the Appellate Division.   In the Court of Appeals, the judgment against the Westchester County Small Estates Corporation was affirmed, and the court reversed the judgment and dismissed the complaint, with costs, as to the village of Scarsdale.   (*Ehret* v. *Village of Scarsdale*, 269 N. Y. 198.)

The claim herein is for $1,222.57 and represents the bill of costs of the village of Scarsdale as taxed.   The question is whether the village of Scarsdale is entitled to payment, as claimed, from the fund recovered by the administratrix from the Westchester County Small Estates Corporation.   Is it "reasonable expenses of the action" within the meaning of subdivision 5 of section 133 of the Decedent Estate Law?

The result of a cause of action given by the statute to executors or administrators of deceased persons to recover damages for negligence causing death is no part of the assets of an estate.   Such fund is not subject to the payment of his debts, or to the ordinary rules applicable to the settlement and administration of estates of deceased persons.   (*Stuber* v. *McEntee*, 142 N. Y. 200; *Matter of Phillips*, 143 Misc. 824; *Matter of Procopio*, 149 id. 347.)

Article 5 of the Decedent Estate Law regulates specifically the bringing of an action for wrongful death, the instance of the trial, and the distribution of the proceeds. In dealing with the distribution of damages recovered, section 133 of the Decedent Estate Law specifically says that the damages collected must be distributed by the estate representative as if they were unbequeathed assets. The same section, as it existed at the time of the death, provided that " the reasonable expenses of the action, or settlement, the reasonable funeral expenses of the decedent, and the commissions of the plaintiff or representative, upon the residue * * * may be deducted from the recovery." Can it be said in the instant case that the bill of costs of the village of Scarsdale is one of the reasonable expenses of the action? (*Matter of Feifer*, 151 Misc. 54; *Matter of Skaler*, Id. 56.)

The authority in the Legislature to create such a cause of action is referred to in *Travelers Ins. Co.* v. *Padula Co.* (224 N. Y. 397, 402). The Legislature has provided for the distribution of the damages and for the deductions from the amount recovered or the settlement which would leave a residue to be fixed for the beneficiaries. The damages recovered must be disposed of *strictly* in accordance with the directions of the Legislature, for such power of disposition is vested solely in the Legislature and in accordance with its discretion. (*Phœnix Indemnity Co.* v. *Staten Island R. T. R. Co.*, 251 N. Y. 127, 137.) In *Matter of Weinstein* (153 Misc. 279, Oct. 1934) the court found itself unable, under the statutes existing at the time of death, to pay from the fund certain claims. However, article 5 was amended to provide for such claims by chapter 216 of the Laws of 1934. (*Matter of Brody*, 155 Misc. 819.)

The administratrix herein brought one action against three defendants instead of bringing three separate and distinct actions. She had a right to do this. The defendants were not sued as *joint tort feasors*. The plaintiff may prosecute her action against them jointly or severally. It cannot be said that the bill of costs taxed by the village of Scarsdale was for expenses in order to bring the action against the Westchester County Small Estates Corporation to a successful conclusion. The reasonable expenses of the suit, as expressed in the law, must of necessity be connected with the action against the *defendant which produced the fund in response to the judgment*. Suppose the action against the Westchester County Small Estates Corporation on its way to the Court of Appeals had been discontinued by settlement and the creation of a fund was had by such settlement. Would the petitioner then say it was entitled to receive its bill of costs out of such fund? I think not. The purpose of the law was to provide a remedy from which a

settlement, or a judgment, might be obtained for the benefit of the next of kin, less the reasonable expenses and other charges created by law against that particular fund growing out of a particular cause of action against a particular defendant.

" The reasonable expenses of the action, or settlement," will be construed to mean the expenses to attorneys and to other persons in connection with the prosecution of the action against the defendant from whom the recovery is had, and the reasonableness of such expenses may be fixed by the surrogate. This may be determined pursuant to section 231-a of the Surrogate's Court Act. (*Matter of Latourelle,* 143 Misc. 351, 355.)

I hold that the bill of costs of the village of Scarsdale is not an expense of the action which produced the fund recovered by the administratrix from the Westchester County Small Estates Corporation, and is not to be charged against such fund. It is not an expense in the action against the Westchester County Small Estates Corporation. The claim of the village of Scarsdale is against the decedent's estate. It must be treated as an expense of administration and is entitled to preference over the claims of general creditors. (*Matter of Williams,* 143 Misc. 527, 529.) The irony of this situation is that the estate is without funds. The prayer of the petitioner is denied.

Submit order on notice.