In the Matter of the Estate of ROBERT E. PETERSON, Deceased.
CHESTON A. PRICE, Appellant; ENOCH P. PETERSON and JUDITH
J. PETERSON, Respondents.

Fourth Department, June 28, 1939.

*Cheston A. Price*, appellant, in person.

*Warren W. Johnson*, for the respondents.

PER CURIAM. The father and mother of the deceased were appointed administrators of his estate, the only asset of which was a claim against the State of New York to recover for his wrongful death. The father and mother of the deceased are each entitled to one-half of the amount recovered upon such claim, less expenses. The appellant was retained by the administrators to prosecute the claim against the State.

Before the trial of the claim in the Court of Claims the appellant procured from the father of deceased a contract providing that

appellant should receive as compensation for his services and expenses fifty per cent of the amount collected from the State. This contract was not signed by the father of the deceased as administrator, but individually. After the trial the sum of $12,072.02 was collected from the State. The appellant received as his fee the sum of $6,000 and afterwards refunded $500 thereof, leaving $5,500 as the net amount which he received for his services and expenses.

This proceeding was commenced to have the surrogate fix the reasonable amount to which appellant was entitled for his services and expenses and to require him to return any amount in excess thereof.

Section 133 of the Decedent Estate Law provides that the surrogate may fix the reasonable expenses of an action to recover for a wrongful death. This authorizes the surrogate to fix the reasonable compensation of the appellant for his services and expenses in prosecuting the claim against the State. (*Matter of Meng*, 227 N. Y. 264, 269.)

The appellant claims that the contract signed by the father of the decedent is binding upon the estate and that he could have insisted upon the payment to him of one-half of the amount collected from the State. Therefore, he asserts that he has the right to retain the amount of $5,500 received by him from the administrators of the estate of decedent, as such amount is less than one-half of the money collected from the State.

The general rule is that an attorney is required to show that **any** contract or transaction between him and his client is fair and reasonable. (*Daily* v. *Dunn*, 256 App. Div. 1043.) However, the Judiciary Law (§ 474) provides that the compensation of an attorney may be fixed by an agreement with his client, unless contrary to law. In view of this provision a contract made between an attorney and his client as to the amount of compensation for his services is valid in the absence of fraud or mistake in cases in which such agreement is not prohibited by law. (*Matter of Reisfeld*, 227 N. Y. 137.)

An executor or administrator has not the power to bind an estate by a contract in which it is agreed to pay a stated amount or definite proportion of a recovery to an attorney employed by him to recover for the wrongful death of the testator or intestate of such executor or administrator. This is so because the statute provides that the compensation of such attorney may be fixed by the surrogate, and such provision will be read into any contract so made. (*Matter of Meng, supra*, p. 270.)

The father of the deceased, being both an administrator of the estate and a beneficiary thereof, could by a contract with an attorney

bind his own interest in the cause of action for the wrongful death of his intestate, but could not charge the interest of his wife therein " beyond the limits of the reasonable." (*Matter of Reisfeld, supra,* pp. 137, 139.) The father's contract is valid as against his interest in the absence of mistake or fraud. (*Matter of Reisfeld, supra,* p. 140.)

The reasonable value of appellant's services and expenses in prosecuting the claim against the State of New York has been fixed by the Surrogate's Court at the sum of $3,500. The mother of the decedent, being a beneficiary and entitled to one-half of the net recovery, is chargeable with one-half of the reasonable compensation of appellant. Under the finding of the Surrogate's Court this amount chargeable against her interest is $1,750. Adding to this the amount chargeable against the interest of the father of decedent, makes a total of $4,768 which the appellant is entitled to retain as compensation for his services and expenses in the prosecution of the claim against the State. As he has received from the administrators $5,500, he has been overpaid to the extent of $732 which he should be directed to return to the administrators of the estate of decedent.

The decree should be modified upon the law and the facts in accordance herewith, and as modified affirmed, without costs.

All concur. Present — CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Decree modified on the law and facts by reducing the amount directed to be returned to the administrators from $2,000 to $732, and as modified affirmed, without costs of this appeal to either party. Certain finding of fact and conclusion of law disapproved and reversed and new findings made.