ANNABELLE ADLINE EHRET, as Administratrix, etc., of JOHN W. EHRET, Deceased, Respondent, Appellant, *v.* THE VILLAGE OF SCARSDALE and WESTCHESTER COUNTY SMALL ESTATES CORPORATION, Appellants, Impleaded with WESTCHESTER LIGHTING COMPANY, Respondent.*

Second Department, February 15, 1935.

* Leave to appeal granted. (See 267 N. Y. ——.) (See, also, *Haviland* v. *Village of Scarsdale*, 243 App. Div. 723.)

*William Cravath White,* for the appellant The Village of Scarsdale.

*William S. O'Connor* [*Clyde Dart* and *James B. Henney* with him on the brief], for the appellant Westchester County. Small Estates Corporation.

*Thomas F. J. Connolly* [*William D. Sporborg* and *Melville Ehrlich* with him on the brief], for the plaintiff.

*William D. Cunningham* [*Robert Y. Clark* and *L. P. Davis* with him on the brief], for the respondent Westchester Lighting Company.

PER CURIAM. The action is to recover damages for death of plaintiff's intestate caused by alleged wrongful acts, neglect and default of the defendants. The plaintiff's intestate and his companion, a watchman on the premises, were found dead in a house that had recently been erected by defendant Westchester County Small Estates Corporation. There seems to be no dispute that death resulted from asphyxiation by illuminating gas, which had escaped from a broken main in the street nearby, and that some of the gas came into the house through drains to which the escaping gas had access.

Nearly a year before the accident the gas main was damaged and probably broken to some extent when a ditching machine being operated by defendant Small Estates came into forcible contact with it. In constructing its drain in the ditch it had dug, the Small Estates inclosed the gas main within its own drain tile pipe where the two intersected on a level and at right angles. This admittedly was faulty construction in the absence of proper inspection to determine whether the gas main was cracked or broken at the point where inclosed in the drain pipe. After an explosion and the asphyxiation it was discovered that the gas main at that point was cracked and that gas escaped from it. The gas main was inclosed within the drain at this point in the street under a street opening permit issued by defendant village, and the work was done under the inspection of a village employee to whom was given charge of such matters — determined as a question of fact.

Defendant Westchester Lighting Company had no knowledge of the original injury to its pipe or the manner of its inclosure in the tile drain pipe, but repeatedly had complaint and notice of gas escaping and of its presence in neighboring houses for a considerable period of time before the accident. It made some inspections of rather superficial character, but did not locate the source of the trouble until an explosion occurred badly damaging a house near to that in which the two men were later found dead. On the trial there was a verdict for plaintiff against defendants Small Estates and village and for defendant lighting company.

It was determined as a question of fact that decedent was not a trespasser on the property of Small Estates. Further than that, the negligence of that company was not based on any defect on the premises, but arose from its act in a public street. We cannot say as a matter of law that this defendant owed no duty to decedent. The defendant village, having undertaken to issue a permit for the installation of the drain and the inspection of the work, was chargeable with the duty of seeing that it was done in a manner calculated to protect the safety of its citizens. (*Parks* v. *City of New York*, 111 App. Div. 836; affd., 187 N. Y. 555; *Saulsbury* v. *Braun*, 223 App. Div. 555; affd., 249 N. Y. 618.)

The judgment against defendants Village of Scarsdale and Westchester County Small Estates Corporation and the order denying a motion for a new trial should be affirmed, with one bill of costs.

The verdict in favor of defendant Westchester Lighting Company is against the weight of the evidence on the question of negligence. It was error to charge that if the jury found that the sole cause of the conduct of escaping gas to the house was the

negligent act of Small Estates in inclosing its gas main in the drain, the verdict must be in favor of the lighting company. Assuming that the defendant Small Estates was originally solely responsible for the breaking of the pipe, the lighting company had notice of the escape of gas and owed the duty of discovering in what manner such a dangerous agency was loose in the neighborhood. The limitation of liability was too narrow. There may be more than one proximate cause of an accident. (*Sweet* v. *Perkins*, 196 N. Y. 482.) The request as charged constituted practically the last words to the jury before they began their deliberations; and even in the absence of an exception the error was sufficient to warrant reversal in the interest of justice. (*Burd* v. *Bleischer*, 208 App. Div. 499, 502.)

The judgment for defendant Westchester Lighting Company should be reversed on the law and the facts and a new trial granted, with costs to the plaintiff, appellant, to abide the event.

SCUDDER and DAVIS, JJ., concur; LAZANSKY, P. J., concurs as to defendant The Village of Scarsdale and concurs in result as to defendant Westchester County Small Estates Corporation; YOUNG and CARSWELL, JJ., concur as to defendant Westchester County Small Estates Corporation, but dissent and vote to reverse the judgment and the order denying motion to set aside the verdict and to dismiss the complaint as against defendant The Village of Scarsdale.

Judgment against defendants The Village of Scarsdale and Westchester County Small Estates Corporation and order denying motion to set aside verdict affirmed, with one bill of costs.

Order in so far as it denies the motion of defendant The Village of Scarsdale for a new trial unanimously affirmed, without costs. Present — LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and DAVIS, JJ.

Judgment for defendant Westchester Lighting Company reversed on the law and the facts and a new trial granted, with costs to plaintiff, appellant, to abide the event. LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and DAVIS, JJ., concur.