In the Matter of the Application for a Decree Directing ANNABELLE ADLINE EHRET, Administratrix, to Pay the Petitioner Certain Costs in the Estate of JOHN W. EHRET, Deceased.*

THE VILLAGE OF SCARSDALE, Petitioner, Appellant; ANNABELLE ADLINE EHRET, Administratrix, etc., of JOHN W. EHRET, Deceased, Respondent.

Second Department, May 15, 1936.

*Affg. 158 Misc. 308.

*Thorne Baker*, for the appellant.

*Thomas F. J. Connolly* [*William D. Sporborg, Jr.*, with him on the brief], for the respondent.

JOHNSTON, J. The question to be decided is whether petitioner, a successful defendant in a wrongful death action brought against it and two others by an administratrix, to whom limited letters were issued, is entitled, under section 133 of the Decedent Estate Law, to the payment of its bill of costs as taxed, from the damages recovered against one defendant and received in settlement from another defendant.

The facts are undisputed. In May, 1932, the administratrix instituted an action for the wrongful death of John W. Ehret, the decedent, against the village of Scarsdale (the petitioner herein), the Westchester County Small Estates Corporation and the Westchester Lighting Company. The action resulted in a judgment for $16,916.60 in favor of the administratrix against petitioner and the estates corporation, and in favor of the lighting company against the administratrix. Petitioner, the estates corporation, and the administratrix appealed. This court affirmed the judgment against petitioner and the estates corporation and reversed the judgment in favor of the lighting company and ordered a new trial. (*Ehret* v. *Village of Scarsdale*, 244 App. Div. 30.) The Court of Appeals affirmed the judgment as against the estates corporation but reversed the judgment against petitioner and dismissed the complaint as against it, with costs. (269 N. Y. 198.) Thereafter, the administratrix collected $19,763.12 in satisfaction of the judgment against the estates corporation and received $3,000 in settlement of her claim against the lighting company. On December 2, 1935, petitioner filed with the administratrix a proof of claim for $1,222.57, its costs as taxed. Upon the administratrix's refusal to pay the

claim, petitioner applied to the Surrogate's Court for an order directing her to do so. The application was denied and from the order entered petitioner appeals.

The right to recover damages for wrongful death was unknown to the common law and is founded solely upon the statute (Dec. Est. Law, art. 5). The statute authorizes the bringing of the action and provides for the disposition of the proceeds of the damages. The cause of action is not part of the assets of the decedent's estate and its proceeds are not subject to the payment of the decedent's debts but are exclusively for the benefit of decedent's husband or wife and next of kin. (*Stuber* v. *McEntee*, 142 N. Y. 200.) Section 133 specifies the only deductions that may be made from the proceeds. Under the statute as it existed when the cause of action in the death case accrued, the deductions were limited to " The reasonable expenses of the action, or settlement, the reasonable funeral expenses of the decedent, and the commissions of the plaintiff or representative."

The damages recovered must be disposed of strictly in accordance with the direction of the Legislature, for such power of disposition is vested solely in the Legislature. (*Phœnix Ind. Co.* v. *Staten Island R. T. R. Co.*, 251 N. Y. 127; *Matter of Brody*, 155 Misc. 819; affd., 245 App. Div. 703.) While it may be more equitable to permit petitioner to be paid its costs from the damages received by the administratrix, it may not be done in the absence of a specific provision in the statute. The words " reasonable expenses of the action, or settlement," mean such expenses as are incurred in prosecuting the claim or settling it. Therefore, the damages collected may not be expended to pay petitioner's taxable costs. The fact that the administratrix sued petitioner and the other defendants in one action is immaterial.

The order should be affirmed, with costs, payable by appellant.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ.

Order of the Surrogate's Court of Westchester county unanimously affirmed, with costs, payable by appellant.