Heffernan, J.
This case presents a question of law which, so far as our research discloses, is without precedent in the courts of this State.
On December 30, 1942, while Edward F. Schwabacher was working for the appellant, employer, he sustained accidental *174 injuries arising out of and in the course of his employment, which injuries, with their resultant consequences, caused his death on January 8,1943. The accident which caused the fatal iiyuries was due to the negligence of third parties. Decedent was survived by claimant, his widow, and also by three non-dependent children.
On April 6, 1943, claimant filed with the Department of Labor a claim for death benefits and also a notice of the commencement of actions against the negligent third parties. Thereafter, an award of compensation for death benefits was made in favor of claimant and against appellants. On December 6, 1944, appellants filed with the Workmen’s Compensation Board a notice indicating payment of compensation in the sum of $879.06 covering the period from January 8, 1943, to November^, 1944.
Meanwhile the administrator of decedent’s estate instituted two actions in the Supreme Court against the third parties. One of the actions was brought pursuant to the provisions of section 130 of the Decedent Estate Law for the recovery of damáges for the wrongful death of Schwabacher. The other was commenced in accordance with the provisions of section 119 of the Decedent Estate Law for the recovery of damages for the personal injuries sustained by decedent up to the time of his death.
.. Both actions were prosecuted to final judgments. The wrongful death action resulted in a recovery of $17,062.18 and on the cause of action for personal injuries the sum of $2,060 was realized.
The widow received as her net share of the proceeds in the action for wrongful death the sum of $2,258.15 and this sum was applied by the board against appellants’ deficiency compensation liability. (Workmen’s Compensation Law, § 29, subd. 4.) The correctness of that ruling is not challenged by any of the parties.
The sum of $2,060 recovered in the action for personal injuries was paid into the estate of the deceased. Upon distribution of that estate the widow was entitled to her proportionate one-third share of the net proceeds.
Appellants contend that the widow’s proportionate share of the proceeds of the decedent’s estate, consisting of the sum received in the personal injury action, should also be applied against their deficiency compensation liability. The board rejected that contention and excluded from the computation of *175 the widow’s deficiency death benefits the amount of her share in her husband’s net estate. From that determination appellants have come to this court.
: Disability compensation and death benefits are distinct from each other and are entirely unrelated. Disability compensation is paid to an injured employee. Death benefits are for a decedent’s dependents. Likewise the two causes of action, the one for wrongful death and the other for personal injuries, are separate and distinct. The former is for the loss resulting to the persons pecuniarily damaged by his death; while the latter is for the tortious injury to the person or property of the deceased during his lifetime.
Under the provisions of sections 130 and 133 of the Decedent Estate Law the cause of action for wrongful death is exclusively for the benefit of the decedent’s spouse and next of kin. The proceeds of any recovery in such an action are not part of the decedent’s estate, nor are they subject to the payment of decedent’s debts (Stuber v. McEntee, 142 N. Y. 200; Matter of Ehret, 247 App. Div. 456; Central New Yorh Coach Lines, Inc., v. Syracuse Herald Company, 277 N. Y. 110).
Sections 119 and 120 were incorporated in the Decedent Estate Law by chapter 795 of the Laws of 1935. By this enactment a new right of action was created and a corresponding right to recover for a trespass committed against the person or property of a deceased during his lifetime was conferred upon his personal representatives for the benefit of his estate and in which action the damages recoverable are expressly limited to such as the intestate himself might have had or maintained if he were living. Section 120 provides that “ the damages recoverable for such injury shall be limited to those accruing before death, and shall not include damages for or by reason of death. The damages recovered shall form part of the estate of the deceased.”
It thus appears that the Legislature created a cause of action in favor of the representative of a deceased person for injuries to his person or property suffered in his lifetime which are not compensable under the Workmen’s Compensation Law. The proceeds are part of his personal estate and are administered in the same manner as other assets.
In the case before us the deceased employee never filed a claim for compensation nor was any compensation paid to Tiim by appellants. To permit appellants to credit against deficiency death benefits the distributive share which the widow received *176 from her husband’s personal estate out of the proceeds of the personal injury action would be to enrich them because of the pain and suffering which he endured during a period of disability for which no claim for compensation was either asked or allowed. If appellants are entitled to the credit which they are seeking here then by the same token they would be entitled to credit themselves with the widow’s share of any other property coming to her from the estate of her husband.
The appellant insurance carrier asserts that it was entitled to the right of subrogation in respect-to both causes of action under the provisions of subdivision 2 of section 29 of the Workmen’s Compensation Law and is, therefore, entitled to have the widow’s share in the proceeds of the personal injury action considered in computing the deficiency compensation.
When read as a whole section 29, in our opinion, is not. susceptible of such a construction. Under that statute the right to be subrogated to an employee’s cause of action applies only vith respect to a person who “ has taken compensation ”. Here no compensation was received by the decedent and hence appellants have no claim against his estate. On the record before us the appellant, insurance carrier, was not entitled to be subrogated in the personal injury action.
The case of Prudential Insurance Co. v. Laval (131 N. J. Eq. 23) upon which appellants rely has no application here. That case was decided under the statutory compensation law of New Jersey which is entirely different from our own. Under the New Jersey statute any sum recovered by the employee from a third party must be applied against compensation payments.
The award appealed from is affirmed, with costs to the Workmen’s Compensation Board.
Hill, P. J., Bbewsteb, Fosteb and Bussell, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board. [See post, p. 965.]