Tony Gagliardi et al., Claimants, *v.* State of New York, Defendant. (Claim No. 28515.)

Jacob W. Bermant et al., Doing Business under the Name of Skinner & Bermant, et al., Claimants, *v.* State of New York, Defendant. (Claim No. 28637.)

Court of Claims, August 22, 1949.

*Edward P. Barrett* for Tony Gagliardi and another, claimants.

*Skinner & Bermant* for themselves and another, claimants.

*Nathaniel L. Goldstein, Attorney-General (David Marcus* of counsel), for defendant.

RYAN, J.   On July 30, 1945, pursuant to chapter 678 of the Laws of 1928, and for grade crossing elimination purposes, the State of New York appropriated three parcels of land out of property known as 368 Ashford Avenue, Dobbs Ferry, Westchester County.   Parcel 40, containing 1,500 square feet, was appropriated in fee.   Parcel 41, containing 1,300 square feet, was appropriated for a permanent easement for excavation. Parcel 42, containing 1,075 square feet, was appropriated for a temporary easement for the purpose of moving or razing all or a portion of a certain building, being a two-story apartment house with accommodations for four families.

According to the appropriation map the reputed owner of the property was Graziano Petrolo.   On July 24, 1947, there was filed with the Court of Claims, Claim No. 28515, entitled with the names of Tony Gagliardi and James Petrola, as claimants, and duly verified by individuals in those names, and subscribed by Edward P. Barrett of Katonah, New York, as their attorney. The claim filed, being the pleading now before the court, alleged that prior to and on or about July 30, 1945, Tony Gagliardi was the owner in fee simple of the property affected.   It was further alleged:

" Ninth: This claim has not been assigned except as follows:

" John A. Vaccaro, 127 Hillcrest Avenue, Yonkers, New York and Skinner & Bermant, 270 Broadway, New York City, New York, are assignees of the claimants to the extent of Twelve Hundred ($1200.) Dollars.

" Claimant, James Petrola, residing at 368 Ashford Avenue, Dobbs Ferry, County of Westchester and State of New York, is the assignee of the balance of this claim from the claimant, Tony Gagliardi.

" There have been no further assignments by the claimant, Tony Gagliardi, nor by the assignees, John A. Vaccaro and Skinner & Bermant and this claim has not been submitted to any other tribunal or officer for audit or determination.

" Tenth: The claimant, James Petrola, is the assignee from the claimant, Tony Gagliardi, of all his right, title and interest in and to his claim against the State of New York subject to the assignment of John A. Vaccaro and Skinner & Bermant to the extent of Twelve Hundred ($1200.) Dollars and joins with Tony Gagliardi as a claimant in this action and proceeding."

On July 26, 1947, there was filed with the court Claim No. 28637 being entitled Jacob W. Bermant and Bernard L. Bermant, doing business under the firm name and style of Skinner & Bermant, and John A. Vaccaro, claimants. Messrs. Skinner and Bermant are attorneys at law and subscribed Claim No. 28637 as attorneys for the claimants therein. This pleading duplicated the allegations of Claim No. 28515 and asserted the right of Messrs. Skinner and Bermant and John A. Vaccaro, as assignees of Tony Gagliardi, to recover damages for lands and improvements appropriated in fee, in perpetual easement and in temporary easement and consequential damages to the lands unappropriated to the extent of $1,200. At this point it should be noted that appropriation maps attached to each claim described all three parcels 40, 41 and 42 but that in pleading Claim No. 28515 the draftsman omitted any reference to parcel 42, the portion taken for a temporary easement.

In due course the claims appeared on the regular calendar of this court for New York City, the district to which claims arising in Westchester County are assigned, and at the calendar call on the opening of the term of court held November 8, 1948, a representative of the Attorney-General's office announced that the two claims had been settled and asked for the dismissal thereof and subsequently orders of dismissal were entered. However, the settlement was not effectuated, no moneys have been paid by the State of New York for the lands taken and the two claims have been restored to the calendar. The trial of Claim No. 28515 has been commenced but was adjourned after the taking of formal proof showing the filing of the claim, the assignment from Tony Gagliardi to James Petrola and some

testimony descriptive of the property. By letter dated March 17, 1949, addressed to the Court of Claims and to the attention of the clerk thereof, Edward P. Barrett signified his withdrawal as attorney for the claimants Tony Gagliardi and James Petrola and indicated his desire to retain a lien on the fund for his attorney's fee, leaving the claimants "free to engage other counsel or handle the matter themselves."

Under the rules of the court a claimant of full age may appear in person and nothing to the contrary appearing in the pleading, it may be assumed that claimants Gagliardi and Petrola are of full age. However, no order has been entered, nor proposed, confirming the withdrawal of Edward P. Barrett as attorney of record in Claim No. 28515, nor substituting another attorney in his place. The court, desiring to protect the rights of these claimants, directed the adjournment of the trial in order to afford opportunity for the proper preparation of evidence as to the value of the property taken and the damages sustained. On the face of the pleadings and from the proceedings to date, it appears that Tony Gagliardi has no present interest in the claim, indeed that he had none at the time he verified Claim No. 28515. However, no order has been entered, nor proposed, changing the title of the claim or discontinuing Gagliardi as a party claimant.

Upon the opening of the trial at New York on May 3, 1949, the Attorney-General moved to file a counterclaim for rents allegedly collected by the claimants since July 30, 1945, the date that the State took title to the property. This motion was made upon the minutes and without previous notice to any of the claimants named in Claim No. 28515 or in Claim No. 28637. The court denied the motion. Subsequently, upon formal notice, the Attorney-General renewed his motion and asked permission to file a counterclaim pursuant to rule 14 of the Court of Claims' Rules and for such other and further relief as may seem just and proper. This notice of motion has been addressed to and served upon James Petrola, Messrs. Skinner and Bermant, John A. Vaccaro and Edward P. Barrett, and, in addition, Grace Petrola, the mother of James Petrola. The counterclaim alleges that the claimant James Petrola and his mother occupied an apartment in the building at 368 Ashford Avenue prior to July 30, 1945, and since then and up to the present date and that the rents due and owing to the State by them to May 31, 1949, amount to $1,840. It further alleges that James Petrola and his mother collected the rents from the three other apartments

in the building from July 30, 1945, to February 1, 1947, and that they " have kept these monies in the amount of $2,160 for their own use; although payment of these monies has been demanded from claimants and Mrs. Grace Petrola, no part thereof has been paid to the defendant, State of New York." The counterclaim " demands judgment against claimants " in the sum of $4,000 with interest from August 1, 1945. It is to be noted that although the counterclaim " demands judgment against claimants ", there is no specific allegation that Tony Gagliardi has collected any of the rents and the proposed counterclaim and notice of motion are not addressed to and have not been served upon him.

The rules of the court require that if the State interposes a counterclaim it shall be pleaded in conformity with the provisions relating to claims, so far as applicable and shall be filed with the clerk and a copy served on claimant's attorney within twenty days after the service of the claim upon the Attorney-General, or within such time as may be ordered by the court upon notice to the claimant's attorney. This application is, therefore, addressed to the discretion of the court to excuse the laches of the Attorney-General in having failed to file a counterclaim within twenty days from July 24, 1947.

As the matter now stands the court is faced with this perplexing situation; viz., the State has appropriated in fee, and for temporary and permanent easements, real property apparently owned by James Petrola; attempted negotiations for settlement between the claimant and the State of New York have failed; the claimant James Petrola is before the court with an attorney remaining as of record but who has indicated his desire to withdraw from the prosecution of the claim; Messrs. Skinner and Bermant represent the interest of themselves and the claimant John A. Vaccaro only to the extent of $1,200 and are apparently without authority to represent the claimant James Petrola; Grace Petrola, who is not an attorney or counsellor at law, has manifested and continues to manifest an active interest in the disposition of the claim; she and her son James Petrola are charged by the Attorney-General with collecting, receiving and withholding rents from three tenants and with occupying the fourth apartment on the property, the fee of part of which has been taken by the State of New York. It appears that although the appropriation was made in 1945 the building still stands. The court is informed that the work of eliminating the grade crossing is about to be undertaken; that the contract

therefor has been let, that the apartment building standing on the property will soon be razed and that the tenants have been notified to vacate by September 1st next.

A solution of these difficulties is obviously in order and if this court has authority to act it should do so in the interests of justice. In the first place it seems to us that the two claims should be consolidated and tried together because Claim No. 28637 is a fractional part of Claim No. 28515. Claim No. 28515 should be amended to include an allegation concerning the taking of parcel 42, the temporary easement. The Attorney-General should be permitted to plead the counterclaim for rents allegedly collected and received and withheld by James Petrola and for rents allegedly due by James Petrola for the one apartment of the four apartments which he has occupied. So much seems clear.

What to do about Grace Petrola taxes our ingenuity. She is not a party claimant and she is not an attorney and counsellor at law. Yet she has shown an activity in the proceedings to date which indicates an interest more extensive than parental solicitude for the well-being of an adult son. If, as claimed by the Attorney-General, she has collected and withholds rents which properly belong to the State of New York and if she is liable as a tenant for rents of one of the apartments it would seem that to join her in this action might avoid a multiplicity of suits and save a great deal of time and effort. However, this court is without jurisdiction to try, hear and determine an action brought by the People of the State of New York against an individual and without a showing that Grace Petrola has some interest in the real property or some claim on the sum which will be awarded in payment therefor, she may not be inter-pleaded herein. (Civ. Prac. Act, §§ 285-287.) Although broad powers are granted to us under section 9 of the Court of Claims Act, we find no authority for joining Grace Petrola as a party herein.

Under rule 15 of the Court of Claims Rules a counterclaim is deemed admitted unless a verified reply is served within twenty days after the service of the counterclaim. This presents the difficulty of requiring a claimant who does not appear by attorney to prepare and serve a pleading. The court expresses the hope that the differences between claimant James Petrola and his counsel may be resolved so that the original counsel of record will undertake the preparation of the case and its presentation to the court. If this cannot be amicably arranged it is

hoped that other counsel will be substituted. Valuable property rights are involved and it is important to all concerned that the issues be presented in an orderly manner. However, in the continued absence of an attorney of record for James Petrola the court will dispense with the requirement of rule 15 and will consider that he has entered a general denial of the allegations of the defendant's counterclaim. The court will then proceed to hear the proofs thereon when the trial is resumed.

Let an order be entered directing the foregoing disposition of the motion. The Attorney-General should submit the order within five days. It should provide for service upon all persons concerned within two days after the entry thereof. Service upon James Petrola should be personal. Service upon all others may be by mail.

At an early date the court will visit the property and view the premises affected. All parties should proceed to immediate preparation for trial for which the court will set a date.