MORRIS CONNOR, as Administrator of the Estate of SEYMOUR CONNOR, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27470.)

Court of Claims, December 10, 1949.

*Nathaniel L. Goldstein, Attorney-General (Howard F. Danihy* of counsel), for defendant.

*Emil K. Ellis* and *Jonas Ellis* for claimant.

RYAN, J. Seymour Connor was an inmate of Creedmoor State Hospital in December, 1936, and of Pilgrim State Hospital from April 2, 1937, to July 16, 1939, and again from July 28, 1939, to February 7, 1941, on which date he died. Letters of administration were issued to Morris Connor on July 18, 1941, and this action was commenced by the filing of a claim on January 4, 1943. Claimant seeks to recover damages for

the wrongful death of decedent due to the alleged negligence of the defendant. There were several proceedings for an examination before trial, one of which resulted in an appeal (272 App. Div. 1087; 273 App. Div. 829.)

These preliminary matters delayed the commencement of the trial until May, 1949. Once begun, unforeseen circumstances required its postponement. The trial was resumed October 10, 1949, has been completed and the issues raised are awaiting the filing by counsel of briefs and requests to find.

After the trial had been commenced and by notice dated September 30th, the Attorney-General formally moved for permission to file and serve a counterclaim in the amount of $2,830 for the care, maintenance and treatment of Seymour Connor while a patient at the two State hospitals. (Mental Hygiene Law, § 24.)

Under rule 14 of the Rules of the Court of Claims a counterclaim shall be filed and a copy served within twenty days after the service of the claim upon the Attorney-General or within such time as may be ordered by the court upon notice to the claimant's attorney. In other words the court may exercise its discretion in a proper case. (*Gagliardi* v. *State of New York*, 196 Misc. 813.) However, this court has no power to extend the Statute of Limitations (Civ. Prac. Act, § 61) and it appears that the six-year statute, provided by subdivision 6 of section 24 of the Mental Hygiene Law, has run. The fact that on October 14, 1941, the Department of Mental Hygiene billed the estate of Seymour Connor for the sum claimed to be due did not toll the statute. Possibly the filing of a claim with the administrator would preserve the right of the State to be heard in a Surrogate's Court. (Surrogate's Ct. Act, § 211; *Matter of Wright*, 172 Misc. 215; *Matter of Falsey*, 56 N. Y. S. 2d 556; *Matter of Schorer*, 272 N. Y. 247.) That is not for us to determine. Nor do we find it necessary to say whether or not the cause of action granted to the Commissioner of Mental Hygiene by the statute in question may properly be interposed in this tribunal by the Attorney-General.

The proposed counterclaim is barred. Were it not, it could not be offset against any recovery which may be awarded to claimant herein. (Decedent Estate Law, § 133; *Central N. Y. Coach Lines* v. *Syracuse Herald Co.*, 277 N. Y. 110; *Matter of Ehret*, 247 App. Div. 456.)

The motion is denied.