(19 Misc. Rep. 85.)

## In re WHITING'S ESTATE.

### (Surrogate's Court, Oneida County. December, 1896.)

EXECUTORS AND ADMINISTRATORS—ALLOWANCE TO SURVIVING HUSBAND.

The clothing and ornaments of a deceased wife should not be set aside for the husband, but belong to her estate, under Code Civ. Proc. § 2713, providing that on the death of a husband the wife's clothing and ornaments and certain household furniture shall be set apart for her, and that on the death of a wife "the same articles" shall be set aside for the husband.

Judicial settlement of the accounts of A. T. Whiting and Richard S. Reynolds, executors of the will of Margaret R. Whiting, deceased.

Josiah Perry, for A. T. Whiting, husband of the decedent, and one of the executors.

Risley, Robinson & Love, for George A. Reynolds and Richard S. Reynolds, legatees, and said Richard S. Reynolds, co-executor, contestants.

CALDER, S. This is a proceeding for the judicial settlement of the accounts of the executors of the estate of Margaret R. Whiting, deceased. The executors are Alson T. Whiting, husband, and Richard S. Reynolds, a brother, of the deceased. In the inventory, filed December 22, 1894, the appraisers, in subdivision 1, set apart for the husband, among other articles, the following: One two-stone diamond pin; one eight-stone diamond cluster ring; one three-stone diamond ring; one crossbar three-stone diamond ring; one pearl ring; one pearl pin; one pair diamond earrings; one pair of gold bracelets; one onyx pin and earrings; one cameo set. The contestants herein object to the account as filed, inasmuch as said articles above referred to are not included as part of the assets of said estate. Whether said articles are exempt property, and should go to the husband, or to the estate of the decedent, can only be determined by the construction of the statute in reference to exemptions.

The parts of section 2713 of the Code of Civil Procedure applicable to this controversy are as follows:

"If a man having a family die, leaving a widow or minor child or children, the following articles shall not be deemed assets, but must be included and stated in the inventory of the estate without being appraised. * * *" In subdivision 4:

"* * * The clothing of the family, the clothes of the widow, and her ornaments proper for her station." At the end of the section it is further provided: "If there be a widow and no minor child, all the articles and property in this section mentioned shall belong to the widow. If a married woman die, leaving surviving. her a husband, * * * the same articles and personal property shall be set apart by the appraisers with the same effect for the benefit of such husband or minor child or children."

The statute was originally enacted in 1828, and the amendment as to the surviving husband in 1893. It will be observed that, where the husband dies, there shall be set apart to the widow "the clothes of the widow, and her ornaments proper for her station." The reason of this is that, upon the death of a husband, creditors could not step in and appropriate for their claims what clothes, and ornaments suitable for her station, had been presumably purchased by the husband for his wife. Nowhere is it provided that the clothes of the deceased husband, and his ornaments suitable for his station, should be set apart for the widow. It is her clothing, and her ornaments suitable for her station, which remain her absolute property. The amendment, by which the husband has the same right in the exempt-property as the widow, refers to the other articles mentioned, such as beds, bedsteads, cooking utensils, etc., but does not include, as exempt property, and to be set apart for the husband, the ornaments of the widow suitable for her station. By analogy, in case of the death of the wife the section would set apart to the surviving husband his ornaments proper for his station; but even then these would be subject to the claims of his creditors, unless the section may be construed so as to exempt his ornaments suitable for his station which were given him by his wife.

The ornaments of the widow, suitable for her station, should be included in the assets belonging to her estate. Such being my conclusion, the account herein should be surcharged with the articles above mentioned which were set apart to the husband, and the same should be accounted for by the executors herein. A decree may therefore be entered as above suggested, and, as to the rest of the account, the same is confirmed.

Decreed accordingly.