John D. Bennett, S.
In this accounting proceeding the surviving spouse herein contends that he is entitled to jewelry to be set off in accordance with section 200 of the Surrogate’s Court Act.
*999 The decedent died owning only real property and one item of jewelry worth approximately $450. The objectant agrees that neither the real property nor the proceeds of the sale of same may be used to satisfy section 200. However, he contends that he is entitled to the jewelry even though it was specifically bequeathed since there are no other assets or other personal property to be set off in accordance with section 200 of the Surrogate’s Court Act. The executrix contends that jewelry does not pass to a surviving spouse as exempt property and cites Matter of Whiting (19 Misc. 85), Matter of McNamara (138 Misc. 526), Matter of Trimboli (141 Misc. 895), Matter of Jacobs (154 Misc. 362), and Butler, Surrogate Law and Practice (vol. 2, § 1578).
While the afore-mentioned authorities are correct in that jewelry is not an item enumerated under subdivisions 1, 2 and 3 of section 200 of the Surrogate’s Court Act, this court, notwithstanding the authorities, finds that jewelry is “ other personal property ’ ’ under subdivision 4 of section 200 of the Surrogate’s Court Act, and the surviving spouse is entitled to same.
The court has carefully reviewed all of the services performed by the attorney or the general guardian and fixes his fee in the amount of $250, inclusive of all disbursements. Said fee is to be paid out of estate assets.