OPINION OF THE COURT
C. Raymond Radigan, J.
This proceeding by an administratrix to fix the fee of her former attorney raises serious questions of overreaching by the attorney who obtained a fee of $8,500 following the execution of a retainer for a simple and uncomplicated estate.
The gross taxable estate is $144,567.28, of which everything except $500 to $750 is nontestamentary assets to which the administratrix as the surviving spouse succeeded. The small sum of testamentary assets is comprised totally of miscellaneous jewelry. Notwithstanding there was an absence of testamentary assets (other than jewelry which would pass to the surviving spouse under EPTL 5-3.1 [Matter of Wenman, 51 Misc 2d 998]) requiring transfer and consequently letters of administration, the attorney prepared a petition for letters of administration citing personal property not exceeding $750 in the petition. Even if there had been any occasion for letters of administration, since the testamentary assets were less than $10,000, the estate falls within the definition of a small estate (SCPA 1301), and therefore could have been handled without the assistance of *241 an attorney. A recent ethics opinion of the Committee of Professional Ethics of the New York State Bar Association concludes that a lawyer consulted by a perspective client interested in a small estate should advise such client of the feasibility of settling the estate without the expense of legal representation (opn No. 569, Feb. 7,1985 [39-84], also reported in 57 NY St Bar J 58 [Apr. 1985]).
Also unnecessary was the preparation of a deed and other documents incidental to the transfer of real property to the surviving spouse which she had held as a tenant by the entirety with the decedent. Upon her husband’s death, the property vested in her by virtue of the original grant and required no additional transfer documents (Matter of Klatzl, 216 NY 83).
While other services of an incidental nature were performed such as obtaining a release of estate tax lien on the realty by completing a New York State Tax Department Form TT-102, much more time was expended than would be indicated as reasonable for one familiar with estate practice. Part of the problem can be traced to apparent duplication of services between the attorney and his recently admitted associate and partly to lack of experience. As to the latter, the administratrix should not be required to compensate her attorneys for a learning experience.
Part of the attorney’s answer argues that this court lacks jurisdiction to fix his fee primarily because it is based upon a retainer agreement consented to by the surviving spouse which the court has no power to modify, citing Matter of Reisfeld (227 NY 137). However, contracts between attorney and client as a matter of public policy are of special interest and concern to the courts. They are not always enforceable in the same manner as ordinary commercial contracts. The burden of proving that the arrangement for compensation was fair and reasonable and fully comprehended by the client rests with the attorney (Cohen v Ryan, 34 AD2d 789, citing Matter of Schanzer, 7 AD2d 275, affd 8 NY2d 972; see also, Matter of Gaseo, 27 AD2d 557).
While a hearing has not been held in this matter the attorney stresses at least twice that a hearing should be avoided and the matter decided on the papers. So be it.
The attorney has attempted to support the fairness and reasonableness of his retainer by reciting the performance of approximately 40 hours of his own time at $150 per hour and 47 hours by his associate at $75 per hour. As indicated above some of the work performed was totally unnecessary and the time spent on the balance excessive and unjustified. This is a simple *242 estate requiring a minimum of time and effort. A careful review of the attorney’s affidavit clearly demonstrates that the retainer was most unfair and unwarranted for this estate.
Taking into consideration all of the criteria to be employed by the courts in the fixation of legal fees (Matter of Freeman, 34 NY2d 1; Matter of Potts, 213 App Div 59, affd without opn 241 NY 593), the attorney’s fee is fixed in the sum of $750, which includes the preparation of a simple will for petitioner, and he is directed to refund to the petitioner the excess fee of $7,750 with interest from the date of the filing of the petition on January 4, 1985 (SCPA 2110 [3]).