In the Matter of the Estate of WILLIAM KRULISH, Deceased.—Order unanimously modified, on the law, and as modified, affirmed, with costs to petitioner, and matter remitted to Erie County Surrogate's Court for a hearing in accordance with the following memorandum: The court properly denied petitioner's application to vacate the Surrogate's Court decree on the ground that petitioner failed to raise a material issue of fact as to whether there was fraud, misrepresentation or other misconduct on the part of the Public Administrator, her attorney, or the guardian ad litem for unknown heirs (see, Matter of Dwyer, 93 AD2d 355, 363; see also, CPLR 5015 [a] [3]). However, the court erred in denying petitioner a hearing regarding the validity and reasonableness of her contingency fee retainer agreement with attorney Collesano. Surrogate's Court has authority to award compensation for services rendered to a distributee and, in the event the attorney has already received an amount in excess of the fair value of the services he performed, the court is authorized to direct the attorney to refund the excess (see, SCPA 2110 [1], [3]).

Contingent fee retainer agreements are not per se improper in matters involving the administration of estates (see, Matter

*of Peterson,* 257 App Div 449), and the general rule is that, absent proof that the retainer agreement was fraudulently procured, the courts will not interfere with it *(Matter of Schanzer,* 7 AD2d 275, *affd.* 8 NY2d 972). However, contracts entered into between an attorney and his client, as a matter of public policy, are of special concern to courts and they are not always enforceable in the same manner as ordinary commercial contracts. The burden of proving that the compensation arrangement was reasonable rests with attorney Collesano *(see, Cohen v Ryan,* 34 AD2d 789; *Matter of Bradley,* 128 Misc 2d 240). (Appeal from order of Supreme Court, Erie County, Kane, J.—vacate judicial settlement.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.