◼ In the Matter of ALEX CHRISTODOULOU, Appellant, v ANNE D. CHRISTODOULOU, Respondent. [622 NYS2d 545] —In a support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Queens County (De Phillips, J.), dated March 8, 1993, which denied his objection to an order of the same court (Marchetti, H.E.), dated November 24, 1992, which granted the respondent's application for arrears and for a modification of child support and maintenance.

Ordered that the order is reversed, on the facts, without costs or disbursements, the petitioner's objections to the order of the Hearing Examiner are sustained, the order of the Hearing Examiner is vacated, and the matter is remitted to the Family Court, Queens County, for a redetermination as to the amount of arrears and the modification of child support and maintenance in accordance herewith.

By judgment of divorce dated November 25, 1985, the petitioner was, among other things, directed to pay the respondent certain amounts for maintenance and child support. The judgment included a formula for modification of maintenance and child support which provided: "child support and maintenance payments herein for calendar years 1985 through 1988 inclusive shall be increased in an amount found to be equal to one-half the difference between [the petitioner's] 1984 net income and any amount he earns greater than the 1984 net which shall be considered his base year * * * Commencing with calendar year 1989, [the petitioner's] increases in child support and maintenance shall be equal to any increase in the U.S. Bureau of Labor Statistics, Consumer Price Index for all urban wage earners in the New York Northeastern New Jersey area up to a maximum of three-

eighths of the difference between the base year net and [the petitioner's] future earnings".

In November of 1992, upon application by the respondent, a Hearing Examiner calculated additional adjustments using this formula. The Hearing Examiner interpreted the formula as calling for a comparison between the petitioner's 1984 net income and his *gross* income during the relevant year. This interpretation was affirmed by the Family Court. We now reverse.

Based on what we discern to be the intent of the 1985 judgment, i.e., to provide cost-of-living adjustments to the maintenance and child support awards, and the prior application of the formula, the only reasonable interpretation of the formula contained in the judgment is that it calls for the comparison of the petitioner's net income for the base year 1984 as against his *net* income for each subsequent year at issue. Indeed, applying the formula using the petitioner's gross income results in payment increases that far exceed cost-of-living needs. Therefore, we remit the matter to the Family Court for redetermination of the increased maintenance and child support obligations for 1987 through 1992 using the increase in the petitioner's annual net income.

In addition, the award should be modified to reflect the fact that one of the couple's children, Lauren, is no longer living with the respondent. Accordingly, the award should be decreased by the child's pro rata share of the child support payments from the date the child ceased to reside with the respondent. Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.