■ In the Matter of JACOB C. WILLIAMS, Respondent, v MICH-
ELLE RANDALL-WILLIAMS, Appellant. [944 NYS2d 273]—

In a child support proceeding pursuant to Family Court Act
article 4, the mother appeals from an order of the Family Court,
Kings County (McElrath, J.), dated February 24, 2011, which
denied her objections to an order of the same court (LaFreniere,
S.M.), dated November 5, 2010, granting the father's petition to
suspend his child support obligation and to adjust his child sup-
port arrears, and to an order of the same court (LaFreniere,
S.M.), also dated November 5, 2010, denying, as academic, her
petition to find the father in violation of his child support obliga-
tion and for an award of child support arrears.

Ordered that the order dated February 24, 2011, is modified,
on the law, (1) by deleting the provision thereof denying the
mother's objection to so much of the first order dated November
5, 2010, as granted those branches of the father's petition which
were to suspend his child support obligation and to adjust his
child support arrears with respect to the parties' oldest child,
and substituting therefor a provision granting that objection
and vacating that portion of the first order dated November 5,
2010, and (2) by deleting the provision thereof denying the
mother's objection to so much of the second order dated
November 5, 2010, as denied, as academic, those branches of
the mother's petition which were to find the father in violation
of his child support obligation and for an award of child support
arrears with respect to the parties' oldest child, and substitut-
ing therefor a provision granting that objection and vacating
that portion of the second order dated November 5, 2010; as so
modified, the order dated February 24, 2011, is affirmed, with
costs payable to the mother, and the matter is remitted to the
Family Court, Kings County, for a hearing on those branches of
the mother's petition which were to find the father in violation
of his child support obligation and for an award of child support
arrears with respect to the parties' oldest child, and a new de-
termination thereafter of those branches of the petition.

In August 1993 the parties entered into an agreement which
provided, inter alia, that the father would pay the mother speci-
fied child support until their two children were emancipated, as
that term was defined therein. Pursuant to the agreement,
emancipation was triggered, in relevant part, upon the child's
residence away from the mother's residence, "not including at-
tendance at college." The parties were divorced by judgment
dated June 6, 1997, and the agreement was incorporated but
not merged into the judgment of divorce.

The father filed a petition dated April 30, 2009, seeking to suspend his child support obligation and to adjust his child support arrears accordingly, alleging a change in circumstances in that the parties' youngest child was living with him, and their oldest child was living at college. The mother filed a petition alleging that the father was in violation of his child support obligation, and for an award of child support arrears. After a hearing, the Support Magistrate, in an order dated November 5, 2010, granted the father's petition, inter alia, to suspend his child support obligation effective April 30, 2009, on the ground that the parties' youngest child was living with the father, and the oldest child was not living with the mother. In a separate order dated November 5, 2010, the Support Magistrate denied, as academic, the mother's petition to find the father in violation of his child support obligation and for an award of child support arrears. In the order appealed from, the Family Court denied the mother's objections to the orders dated November 5, 2010. The Family Court should have granted the mother's objections to the extent that they concerned the father's child support obligation with respect to the oldest child.

The Support Magistrate's finding that the father was not obligated to pay child support for the parties' youngest child because that child resided with the father was amply supported by the evidence adduced at the hearing. However, the Support Magistrate's finding that the father was not obligated to pay child support for the oldest child was in error. Pursuant to the parties' agreement, a child's residence at college did not constitute emancipation, so as to relieve the father of his obligation to pay child support (see Matter of Trester v Trester, 92 AD3d 949 [2012]; Matter of Moss v Moss, 91 AD3d 783 [2012]).

Thus, the Support Magistrate erred in granting those branches of the father's petition which were to suspend his child support obligation and to adjust his child support arrears with respect to the oldest child. Moreover, the Support Magistrate erred in denying, as academic, those branches of the mother's petition which were to find the father in violation of his child support obligation and for an award of child support arrears with respect to the oldest child, and the matter must be remitted to the Family Court, Kings County, for a hearing on those branches of the mother's petition and a new determination thereafter of those branches of the petition. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.