# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**151**
**CAF 13-00240**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF JODY L. BLY, PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

JOHN A. HOFFMAN, RESPONDENT-RESPONDENT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
PETITIONER-APPELLANT.

WENDY G. PETERSON, ATTORNEY FOR THE CHILDREN, OLEAN.

-----------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered January 4, 2013 in a proceeding
pursuant to Family Court Act article 6.  The order dismissed the
petition.

It is hereby ORDERED that said appeal insofar as it concerns the
parties' older child is unanimously dismissed, the order is reversed
on the law without costs, the petition is reinstated and the matter is
remitted to Family Court, Cattaraugus County, for further proceedings
in accordance with the following Memorandum:  Petitioner mother
appeals from an order dismissing her petition to modify an existing
custody order without a hearing.  We note at the outset that the
appeal is moot with respect to the parties' older child because he
reached the age of 18 years during the pendency of this appeal (*see
Matter of Woodruff v Adside*, 26 AD3d 866, 866).  We agree with
petitioner that she was denied the right to counsel when Family Court
sua sponte dismissed her petition in the absence of her attorney.
"The deprivation of a party's fundamental right to counsel in a
custody or visitation proceeding is a denial of due process and
requires reversal, without regard to the merits of the unrepresented
party's position" (*Matter of Williams v Bentley*, 26 AD3d 441, 442; *see*
Family Ct Act § 262 [a]; *Matter of Dolson v Mitts*, 99 AD3d 1079, 1080;
*Matter of Scala v Tefft*, 42 AD3d 689, 691-692).  We therefore reverse
the order, reinstate the petition and remit the matter to Family Court
for further proceedings on the petition.  In light of our
determination, we need not address petitioner's remaining contention.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court