ANNE REYNOLDS, Appellant, et al., Plaintiff, v WALTER HAIDUK, Respondent et al., Defendant. [990 NYS2d 873]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff Anne Reynolds appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered September 27, 2012, as granted that branch of the motion of the defendant Walter Haiduk which was for summary judgment dismissing the second cause of action insofar as asserted by the plaintiff Anne Reynolds against him, upon her failure to oppose the motion.

Motion by the respondent Walter Haiduk, inter alia, to dismiss the appeal on the grounds that the appellant is not aggrieved or that the appeal has been rendered academic. By decision and order on motion of this Court dated June 20, 2013, that branch of the motion which was to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal from the order is granted; and it is further,

Ordered that the appeal from the order is dismissed, with costs.

The appellant failed to submit papers to the Supreme Court in opposition to the motion of the defendant Walter Haiduk for, inter alia, summary judgment dismissing the second cause of action insofar as asserted by the appellant against him, and the motion was granted on default. No appeal lies from an order or judgment granted upon the default of the appealing party (*see* CPLR 5511; *J.F.J. Fuel, Inc. v Tran Camp Contr. Corp.*, 105 AD3d 908, 908 [2013]; *Washington Mut. Bank v Valencia*, 92 AD3d 774, 774 [2012]; *HSBC Mtge. Corp. [USA] v MacPherson*, 89 AD3d 1061, 1062 [2011]). Since the order appealed from was entered upon the appellant's failure to oppose the motion, the appeal must be dismissed (*see Lumbermen's Mut. Cas. Co. v Fireman's Fund Am. Ins. Co.*, 117 AD2d 588 [1986]).

We decline the request of the defendant Walter Haiduk for the imposition of sanctions against the appellant and her counsel based upon allegedly frivolous conduct in prosecuting this action and appeal against him (*see* 22 NYCRR 130-1.1). Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.