■ In the Matter of Jo D. TALBOT, Deceased. KAREN CULLIN, Appellant; STEPHEN R. ANGEL, Respondent. [20 NYS3d 580]—

In a contested probate proceeding in which Karen Cullin petitioned pursuant to SCPA 2110 to fix the amount of an attorney's fee, Karen Cullin appeals from a decree of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered June 24, 2013, which, after a hearing, and upon a decision of that court dated May 14, 2013, fixed the fee of attorney Stephen R. Angel in the sum of $50,000.

Ordered that the decree is affirmed, with costs payable personally by the petitioner.

The decedent died on December 20, 2005, survived by no immediate family. On December 14, 2005, six days before her death, the decedent executed a last will and testament, which left her multimillion dollar estate to her caregiver and friend, the petitioner, Karen Cullin (*see Matter of Talbot*, 104 AD3d 775, 776 [2013]). The attorney who drafted the will, Michael V. Devine, was nominated the executor.

Several individuals purporting to be the decedent's relatives sought SCPA 1404 examinations relating to the drafting and execution of the will. By a retainer agreement dated March 7, 2007, Devine retained the respondent, Stephen R. Angel, to represent him in his capacity as executor of the decedent's estate. The retainer agreement provided that Angel would receive a fee of $150,000 contingent upon the admission of the will to probate. Cullin countersigned the retainer agreement, agreeing to pay Angel's fee out of the proceeds of the estate if the will were admitted to probate. Cullin also agreed to the terms of the retainer agreement in a separate letter.

During settlement discussions, Angel agreed to reduce his fee to $50,000, and the case was settled on March 21, 2007, by stipulation placed on the record. By check dated May 14, 2007, drawn on the estate's funds, Angel was paid his fee of $50,000.

Cullin indicated her approval of this payment by signing the back of the check under the words, "Payment Approved."

In November 2011, Cullin petitioned pursuant to SCPA 2110 to fix the amount of Angel's fee, alleging that the retainer agreement with Angel was unconscionable and that the fee paid to him was excessive. After a hearing, the Surrogate's Court found that the terms of the retainer agreement and the fee in the amount of $50,000 were reasonable. In the decree appealed from, the court, inter alia, fixed Angel's attorney fee in the sum of $50,000. Cullin appeals.

"Contingent fee retainer agreements are not per se improper in matters involving the administration of estates . . . [A]bsent proof that the retainer agreement was fraudulently procured, the courts will not interfere with it" (*Matter of Krulish*, 130 AD2d 959, 959-960 [1987], citing *Matter of Schanzer*, 7 AD2d 275 [1959], *affd* 8 NY2d 972 [1960] [citation omitted]). The burden of proving that an attorney retainer agreement was reasonable rests with the attorney (*see Matter of Talbot*, 84 AD3d 967 [2011]; *Matter of Thompson*, 66 AD3d 1035, 1036 [2009]; *Matter of Gluck*, 279 AD2d 575, 576 [2001]; *Matter of Lanyi*, 147 AD2d 644, 647 [1989]; *Matter of Krulish*, 130 AD2d 959 [1987]). In determining reasonableness, the court "should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Lanyi*, 147 AD2d at 647, citing *Matter of Potts*, 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]).

Angel met his burden of demonstrating that the retainer agreement was reasonable (*see Matter of Thompson*, 66 AD3d at 1036; *Matter of Lanyi*, 147 AD2d at 647; *Matter of Krulish*, 130 AD2d 959 [1987]), was understood by Cullin, and ratified by her (*see King v Fox*, 7 NY3d 181, 190 [2006]; *Gross v Gross*, 36 AD3d 318, 322 [2006]). Furthermore, the amount of the fee, as reduced, was reasonable (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]; *Matter of Piterniak*, 38 AD3d 780 [2007]).

Cullin's remaining contentions are without merit.

We decline Angel's request for the imposition of sanctions based upon the allegedly frivolous conduct in prosecuting this appeal (*see Reynolds v Haiduk*, 120 AD3d 656, 657 [2014]). We note that Angel has been awarded costs on the appeal. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.