Matter of Calderon v Almonte (2018 NY Slip Op 01053)





Matter of Calderon v Almonte


2018 NY Slip Op 01053


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-02679
 (Docket Nos. F-5192-08/15G, F-5192-08/16H)

[*1]In the Matter of Kenny G. Calderon, respondent,
v
Kelly M. Walsh Almonte, appellant.


Law Office of Robert H. Montefusco, P.C., Islandia, NY, for appellant.
Philip J. Jusino & Associates, P.C., Lake Grove, NY, for respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated February 7, 2017. The order denied the mother's objections to an order of that court (Denise Livrieri, S.M.) dated October 20, 2016, which, in effect, granted the father's petition to terminate his child support obligation and dismissed the mother's petition alleging a violation of a prior order of child support.
ORDERED that the order dated February 7, 2017, is affirmed, with costs.
The parties are the parents of a child, who was born in 1997. In 2008, the Family Court directed the father to pay the mother child support. In 2015, the mother filed a violation petition, alleging that the father was in arrears on his child support obligation. On January 15, 2016, the father filed a petition to terminate his child support obligation on the basis that the parties' child had moved in with him. After a hearing, the Support Magistrate, in effect, granted the father's petition. The Support Magistrate terminated the father's child support obligation retroactive to January 15, 2016, and directed the Child Support Enforcement Bureau to recalculate any child support arrears owed by the father. In addition, the Support Magistrate dismissed the mother's violation petition. The mother filed objections to the Support Magistrate's order. The Family Court denied those objections, and the mother appeals.
The Support Magistrate properly terminated the father's child support obligation and dismissed the mother's violation petition. The hearing evidence established that there was a substantial change in circumstances, namely, the child moving from the mother's house to the father's house, which justified terminating the father's child support obligation retroactive to the date that the father filed his petition (see Family Ct Act § 451[1], [3]; Matter of Williams v Randall-Williams, 95 AD3d 1135, 1136; Deith v Deith, 27 AD3d 613, 613-614; Matter of Christodoulou v Christodoulou, 212 AD2d 607, 608). Great deference should be given to the credibility determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses (see Matter of Toumazatos v Toumazatos, 125 AD3d 870, 870-871). Here, the record supports the Support Magistrate's finding crediting the father's evidence that the child moved in with him several months before he filed his petition.
Contrary to the mother's contention, the evidence did not establish that the father was [*2]in arrears on his child support obligation on the date that he filed his termination petition (see Family Ct Act § 451[1]). In any event, since the Support Magistrate directed the Child Support Enforcement Bureau to recalculate the father's child support arrears as of that date, the father will be required to pay any arrears which accrued before that date.
We decline the father's request to award him attorney's fees in connection with this appeal based upon the mother's allegedly frivolous conduct in prosecuting this appeal (see 22 NYCRR 130-1.1; Matter of Talbot, 134 AD3d 726, 727).
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court