Rosenblatt v Rosenblatt (2019 NY Slip Op 03096)





Rosenblatt v Rosenblatt


2019 NY Slip Op 03096


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-08794
2015-12498
 (Index No. 3581/06)

[*1]Marc Rosenblatt, respondent, 
v
Elizabeth Karen Rosenblatt, appellant.


Elizabeth K. Rosenblatt, named herein as Elizabeth Karen Rosenblatt, Suffern, NY, appellant pro se.
Marc Rosenblatt, Suffern, NY, respondent pro se.



DECISION & ORDER
In a matrimonial action, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated July 17, 2015, and (2) an order of the same court dated November 13, 2015. The order dated July 17, 2015, granted the plaintiff's motion, inter alia, to approve a real estate broker to list the marital residence and, in effect, to permit the plaintiff to unilaterally reduce the listing price, and denied the defendant's cross motion, inter alia, to permit the defendant to make an inventory of the personal property contained in the marital residence. The order dated November 13, 2015, in effect, granted the plaintiff's motion, among other things, to authorize the plaintiff to sign the defendant's name on the contract of sale and transfer documents for the marital residence, and denied the defendant's motion, inter alia, to adjust the 50%-50% distribution of the net proceeds from the sale of the marital residence.
ORDERED that the order dated July 17, 2015, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to permit the plaintiff to unilaterally reduce the listing price of the marital residence, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 17, 2015, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated November 13, 2015, is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was to authorize the plaintiff to sign the defendant's name on the contract of sale and transfer documents for the marital residence, and by deleting the provision thereof denying that branch of the defendant's motion which was to adjust the 50%-50% distribution of the net proceeds from the sale of the marital residence and substituting therefor a provision granting that branch of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the proper amount of the adjustment, if any.
The plaintiff married the defendant in 1981 and commenced this action for a divorce and ancillary relief in 2006. Following a nonjury trial on certain issues, the Supreme Court rendered a written decision dated February 6, 2008. In that decision, the court stated that the plaintiff was [*2]entitled to exclusive occupancy of the marital residence until such time as the parties' youngest child turned 18 or was emancipated. The court stated that "[t]he plaintiff shall be responsible for making the mortgage payments, but shall not be entitled to credit for paying down the mortgages during his period of occupancy. The reduction of the mortgage principal will serve as an offset to the defendant's loss of use of her share of the equity while the plaintiff and the children reside in the house." Thereafter, in an order dated May 1, 2008, the court determined posttrial motions. In denying that branch of the plaintiff's motion which concerned an application to refinance the marital residence, the court stated, in part, that the court "would be receptive to such an application if it would result in lower monthly expenses or more favorable interest terms, as long as the defendant's equity in the residence is not impaired."
In an amended judgment of divorce, entered November 25, 2008, the Supreme Court stated:
"The Marital Premises and its content: Plaintiff and defendant are each awarded a 50% interest in the Premises and its contents. The plaintiff shall be responsible for making the mortgage payments, but shall not be entitled to credit for paying down the mortgages during his period of occupancy. When the house is to be sold, a broker and a listing price shall be agreed upon by the parties within thirty (30) days of the day the youngest child . . . turns 18 or is emancipated. In the event the parties do not agree, the Court will designate a broker, who will set the listing price. The net proceeds of the sale shall be divided equally between the parties. When the Premises is sold, the parties shall divide the household contents in kind, or shall sell the contents and equally divide the proceeds unless they otherwise agree."
The plaintiff moved, inter alia, to approve a real estate broker to list the marital residence and, in effect, to permit the plaintiff to unilaterally reduce the listing price. The defendant opposed the plaintiff's motion and cross-moved, inter alia, to permit the defendant to make an inventory of the personal property contained in the marital residence. By order dated July 17, 2015, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
Subsequently, the plaintiff moved, inter alia, to authorize him to sign the defendant's name on the contract of sale and transfer documents for the marital residence. The defendant opposed the plaintiff's motion and moved, inter alia, to adjust the 50%-50% distribution of the net proceeds from the sale of the marital residence. By order dated November 13, 2015, the Supreme Court, in effect, granted the plaintiff's motion and denied the defendant's motion.
The defendant appeals from the order dated July 17, 2015, and the order dated November 13, 2015. We modify.
The defendant contends that the marital residence should not have been listed for sale before the youngest child turned 18 or was emancipated. This contention is academic because that child has turned 18 years of age.
Contrary to the defendant's contention, since the parties could not agree on a broker, we agree with the Supreme Court's determination to designate a broker in accordance with the procedure set forth in the amended judgment of divorce.
However, based on a fair interpretation of the amended judgment of divorce (see Kelly v Kelly, 165 AD3d 771, 772; Levy-Sitomer v Sitomer, 126 AD3d 511; Matter of Labrovic v Labrovic, 278 AD2d 419; Matter of Christodoulou v Christodoulou, 212 AD2d 607), we agree with some of the defendant's other contentions. Given that the amended judgment of divorce stated that the broker will set the listing price, the provision in the order dated July 17, 2015, granting that branch of the plaintiff's motion which was, in effect, to permit the plaintiff to unilaterally reduce the listing price of the marital residence is unwarranted. Furthermore, the provision in the order dated November 13, 2015, authorizing the plaintiff to sign the defendant's name on the contract of sale and transfer documents for the marital residence is unwarranted under the circumstances. Moreover, in [*3]support of her motion, the defendant submitted evidence tending to show that the plaintiff, in contravention of the court's determinations, made unilateral modifications of the mortgage on the marital residence, thereby reducing the equity the defendant was to receive. Accordingly, we remit the matter to the Supreme Court, Rockland County, for a determination of the proper adjustment, if any, to the 50%-50% distribution of the net proceeds from the sale of the marital residence. The defendant's share may also be adjusted if any items of marital property are shown to be missing from the marital residence at the time of its sale.
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court