Matter of Park Knoll Owners, Inc. v Park Knoll Assoc. (2019 NY Slip Op 06605)





Matter of Park Knoll Owners, Inc. v Park Knoll Assoc.


2019 NY Slip Op 06605


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-03325 
2016-03327
2016-06901
2016-06904
 (Index No. 70496/15)

[*1]In the Matter of Park Knoll Owners, Inc., respondent,
v
Park Knoll Associates, appellant.


W. James Mac Naughton, Mount Vernon, NY, for appellant.
Maclean Law, P.C., Ossining, NY (Alexander Maclean Jeffrey, Jr., of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to confirm an arbitration award dated December 3, 2015, Park Knoll Associates appeals from two orders of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), both dated March 7, 2016, and two orders of the same court, both dated May 23, 2016. The first order dated March 7, 2016, insofar as appealed from, granted the petition of Park Knoll Owners, Inc., to confirm the arbitration award and denied that branch of the motion of Park Knoll Associates which was pursuant to CPLR 3211(a)(3) to dismiss the proceeding. The second order dated March 7, 2016, denied the motion of Park Knoll Associates for leave to conduct disclosure pursuant to CPLR 408. The first order dated May 23, 2016, insofar as appealed from, granted the motion of Park Knoll Associates to fix an undertaking to the extent of directing Park Knoll Associates to post an undertaking in the sum of $899,302.30 pursuant to CPLR 5519(a)(2). The second order dated May 23, 2016, insofar as appealed from, denied the cross motion of Park Knoll Associates to hold the petitioner in civil contempt.
ORDERED that the first order dated March 7, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that the second order dated March 7, 2016, is affirmed; and it is further,
ORDERED that the appeal from the first order dated May 23, 2016, is dismissed as academic; and it is further,
ORDERED that the second order dated May 23, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
By stipulation of settlement dated April 1, 2014, the petitioner, Park Knoll Owners, Inc. (hereinafter PKO), a residential cooperative corporation, and the appellant, Park Knoll Associates (hereinafter PKA), the sponsor, resolved a prior action relating to, inter alia, maintenance arrears. In the stipulation, PKA agreed to pay PKO $775,000, which payment comprised (1) $250,000 cash, and (2) $525,000 worth of shares of stock and proprietary leases, which were to be valued pursuant to an agreed-upon appraisal process. Further, PKO was required to execute documentation effectuating a transfer of certain disputed parking spaces to PKA. The parties agreed to resolve any dispute arising out of the stipulation by binding arbitration, and that the arbitrator could award costs, attorney's fees, and expenses to the prevailing party. Thereafter, a dispute arose in connection with the appraisal process, and the parties submitted the matter to arbitration.
By award dated December 3, 2015, the arbitrator, inter alia, directed the parties to conduct a closing at which PKA was required to convey to PKO (1) $250,000, (2) shares of stock and proprietary leases corresponding to five cooperative units, and (3) costs, attorney's fees, and expenses in the sum of $124,302.30. The award further required that, at the closing, PKO deliver documentation effectuating a transfer of certain parking spaces contemplated under the stipulation to PKA.
After the parties failed to conduct the closing contemplated by the arbitrator, on December 9, 2015, PKO commenced this proceeding to confirm the arbitrator's determination. In an order dated March 7, 2016, the Supreme Court, inter alia, confirmed the arbitrator's award, denied that branch of PKA's motion which was pursuant to CPLR 3211(a)(3) to dismiss the proceeding on the ground that PKO lacked capacity to sue, and directed the parties to comply with the arbitration award by April 13, 2016. In a second order also dated March 7, 2016, the court denied PKA's motion for leave to conduct disclosure pursuant to CPLR 408. In an order dated May 23, 2016, the court granted PKA's motion pursuant to CPLR 5519(a) to the extent of fixing an undertaking in the sum of $899,302.30. In a second order also dated May 23, 2016, the court, inter alia, denied PKA's cross motion to hold PKO in contempt of the first March 7, 2016, order. PKA appeals from these four orders.
We agree with the Supreme Court's denial of that branch of PKA's motion which was pursuant to CPLR 3211(a)(3) to dismiss the proceeding. PKA failed to establish that certain alleged irregularities in connection with PKO's election of its board of directors rendered PKO without the capacity to commence this proceeding (see Vasilatos v Dzamba, 148 AD3d 1275, 1276).
"In a special proceeding, where disclosure is available only by leave of the court, the Supreme Court has broad discretion in granting or denying disclosure, although it must balance the needs of the party seeking discovery against such opposing interests as expediency and confidentiality" (Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857 [citations omitted]). Here, the Supreme Court providently exercised it discretion in denying PKA's motion for leave to conduct disclosure, as the documents it sought were not material or necessary to its defense in this proceeding, inter alia, to confirm an arbitration award (see Matter of City of Glen Cove Indus. Dev. Agency v Doxey, 79 AD3d 1038, 1038-1039).
We agree with the Supreme Court's denial of PKA's cross motion to hold PKO in civil contempt. PKA contends that PKO violated a provision of the arbitration award directing PKO to "deliver to PKA all documents required by Section 4 of the Stipulation of Settlement." That section provided that, at the closing contemplated by the stipulation, "[a]ppropriate documents will be executed to establish that [PKA] will be the owner of all presently disputed garage and parking spaces, except those transferred to PKO" in connection with the transfer of shares of stock and proprietary leases for the purposes of satisfying PKA's $525,000 obligation. Of note, the arbitration award held that PKO was "justified in holding off on the transfer" of documentation evidencing PKO's ownership of those parking spaces "until the appraisal issue was resolved and a closing took place." The award further reasoned that, at the contemplated closing where PKA was expected to transfer shares and stock to PKO to satisfy its indebtedness, PKO should execute documentation to effectuate a "transfer of the designated garage parking units to PKA."
"A motion to punish a party for civil contempt is addressed to the court's sound discretion, and the moving party bears the burden of proving the contempt by clear and convincing evidence" (P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1030; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "[T]o adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Spencer v Spencer, 159 AD3d 174, 177; see El-Dehdan v El-Dehdan, 26 NY3d at 29).
Here, at the time that PKA cross-moved to hold PKO in civil contempt, the contemplated closing had not yet taken place. The arbitration award contemplated a mutual exchange of documentation at the closing, and reasoned that PKO need not execute the documentation effectuating the transfer of the subject parking spaces to PKA until such closing occurred. Accordingly, since PKA had not yet performed its obligations as directed by the order confirming the arbitration award, PKO was not in violation of that order. Accordingly, we agree with the Supreme Court's determination to deny PKA's cross motion to hold PKO in civil contempt.
Finally, PKA contends that the Supreme Court erred in fixing the amount of the undertaking it requested pursuant to CPLR 5519(a). PKA was unable to post the undertaking during the pendency of this appeal. Under these circumstances, since we find no basis to disturb the first order dated March 7, 2016, inter alia, confirming the arbitration award, PKA's contention has been rendered academic, and its appeal from the first order dated May 23, 2016, must be dismissed (see generally Kolel Damsek Eliezer, Inc. v Schlesinger, 90 AD3d 851, 858).
We decline PKO's request for the imposition of sanctions based upon PKA's allegedly frivolous conduct in prosecuting these appeals (see Matter of Talbot, 134 AD3d 726, 727).
MASTRO, J.P., BALKIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court