Froebel v Froebel (2022 NY Slip Op 07364)

Froebel v Froebel

2022 NY Slip Op 07364

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

860 CA 21-01298

[*1]JENNIFER FROEBEL, PLAINTIFF-APPELLANT,
v
WESLEY FROEBEL, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (KRISTIN L. ARCURI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
JUSTIN S. WHITE, WILLIAMSVILLE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered September 1, 2021. The order, among other things, modified residential custody of the subject child from plaintiff to defendant. 
It is hereby ORDERED that said appeal from the order insofar as it concerns custody is unanimously dismissed and the order is affirmed without costs.
Memorandum: These consolidated appeals arise from a dispute between the parties, who were divorced by a judgment entered in 2006, concerning, among other things, the education of their child. In appeal No. 1, plaintiff mother appeals from an order entered after a hearing that, inter alia, modified a custodial access agreement that was incorporated but not merged in the judgment of divorce by granting defendant father residential custody of the child, suspended the father's child support obligation set forth in an oral stipulation that was also incorporated but not merged in the judgment of divorce, and made various determinations concerning the parties' obligations under the oral stipulation to contribute to the child's college expenses. In appeal No. 2, the mother appeals from an order directing her to pay child support to the father.
At the outset, although the mother contends that Supreme Court erred in awarding the father residential custody of the child, that issue has been rendered moot inasmuch as the child is now 18 years old. We therefore dismiss appeal No. 1 insofar as it concerns custody (see Matter of Bly v Hoffman, 114 AD3d 1275, 1275 [4th Dept 2014]; Matter of Dawn M.L. v Gary A.M., 31 AD3d 1222, 1222 [4th Dept 2006]). Contrary to the mother's further contention in appeal No. 1, the court did not err in suspending the father's child support obligation from April 9, 2021, the date of the father's amended order to show cause seeking, inter alia, to terminate his child support obligation, until September 1, 2021, the date on which the child left for college. The father established at the hearing that the child had been living exclusively with the father since February 2021. The child's change in residence constituted a substantial change in circumstances sufficient to warrant the suspension of the father's child support obligation (see Matter of Calderon v Almonte, 158 AD3d 681, 681 [2d Dept 2018]; Matter of Williams v Randall-Williams, 95 AD3d 1135, 1136 [2d Dept 2012]).
The mother's remaining contentions in appeal No. 1 concern the court's directives with respect to the payment of the child's college expenses. Pursuant to the parties' oral stipulation, the mother and father agreed to "contribute in proportion to their incomes" at the time that "a[n] appropriate school is selected[.]" Following the hearing, the court directed in its order that the child could attend the college of her choice; that the cost of attendance shall be paid from the father's New York 529 College Savings account and that further college costs for the child's attendance shall be borne solely by the father for the 2021-2022 academic school year, i.e., her freshman year; and that it would revisit the parties' contributions to the child's college expenses [*2]at a later date, at which time it would "determine the contribution percentages of both parties to future educational costs for the child to be made pursuant to the terms of the agreements of the parties." It is the mother's position that she never agreed that the child's preferred college was "appropriate" and, thus, she is not required under the terms of the oral stipulation to contribute to the child's college expenses. Therefore, the mother contends that the court erred by effectively rewriting the parties' oral stipulation.
We conclude that the mother's challenges to those parts of the order concerning the child's college expenses by which she is aggrieved are without merit. Pursuant to the plain meaning of the parties' oral stipulation (see Reukauf v Kraft, 203 AD3d 1652, 1653 [4th Dept 2022]), the parties agreed to contribute to the child's college expenses in proportion to their income. The parties, however, simply disagreed whether the child's preferred college was appropriate, and they litigated that issue. The court's order directing that the child could attend the college of her choice was tantamount to a determination that the college was appropriate within the meaning of the parties' oral stipulation, and we conclude that the determination has a sufficient basis in the record. Further, with respect to that part of the order providing that the court would revisit, at a later date, the issue of college contributions "pursuant to the terms of the agreements of the parties[,]" we conclude that, contrary to the mother's contention, the order is consistent with, and not contrary to, the oral stipulation.
Addressing appeal No. 2, we agree with the mother that the court erred in modifying the parties' child support obligation by ordering her to pay child support to the father without first conducting an evidentiary hearing (see Bishop v Bishop, 170 AD3d 642, 644 [2d Dept 2019]; Matter of Gross v Gross, 7 AD3d 711, 713 [2d Dept 2004]). Although the court held a hearing with respect to numerous items of relief sought by both parties, the record establishes that the parties did not actually litigate the issue of their respective incomes. Rather, the order in appeal No. 2 was decided based on financial documents that the parties submitted after the hearing, and we agree with the mother that there are issues of fact concerning the parties' finances that are evident based upon the father's submissions. We therefore reverse the order in appeal No. 2, vacate the award of child support, and remit the matter to Supreme Court for a hearing on that part of the father's amended order to show cause regarding the recalculation of the parties' child support obligations (see Jennings v Domagala, 167 AD3d 1585, 1586 [4th Dept 2018]; see generally Bishop, 170 AD3d at 644).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court